MOSES GREENABAUM *et al. v.* SAMUEL C. KING.

*Error from Atchison County.*

An illegal tax, paid under duress, to prevent seizure of goods, may be recovered of the county treasurer, if he had notice of the facts, and of the involuntary payment, while the money was yet in his hands.

Where proceedings had been commenced by plaintiff, against the county treasurer, to enjoin the collection of an illegal tax, and such treasurer, in plaintiff's absence, represented to his clerk that the tax had been decided to be legal by the Supreme Court, and that, unless paid, a seizure of plaintiff's store of goods would be made therefor, a payment of the tax by the clerk, under the circumstances, *held,* not voluntary as to plaintiff, but a payment made under duress.

A pending application by plaintiff and others, against the treasurer, for a perpetual injunction to restrain the collection of the tax, *held,* sufficient notice to the treasurer not to appropriate the money, to make him liable.

No demand on the treasurer for the money, before commencing suit, was necessary.

The facts of the case are fully set forth in the opinion of the court, hereto appended.

*G. W. Glick,* for plaintiffs in error.

*A. H. Horton,* for defendant in error.

*Glick,* for plaintiffs in error, submitted :

The tax involved in this case was illegal. *City of Atchison* v. *Bartholow et al., ante.*

The treasurer went outside of his duty and threatened the agent of plaintiff, and thereby obtained payment of the tax. The threat was made by color of office, armed with apparent authority to enforce his demand. (*L.* '66, *p.* 120, § 95.) The demand was illegal.

The payment of the tax, being without warrant of law, and not voluntary, may be recovered back. *Boston & Sandwich Glass Co.* v. *Boston*, 4 *Met.*, 181; *Joyner* v. *The Inhabitants*, &c., 3 *Cush.*, 567, 572; *Amesbury Wool Mfg. Co.* v. *same*, 17 *Mass.*, 460; *Fry* v. *Lockwood*, 4 *Cow.*, 454; *Dow* v. *First Parish in Ludberry*, 5 *Met.*, 73; 6 *O. S.*, 470; 6 *Metc.*, 497, 506; *Ripley* v. *Gelston*, 9 *Johns.*, 201–8; *Preston* v. *Boston*, 12 *Pick.*, 7–14; 7 *Min.*, 267; *Blckw. Tax Tit.*, 165.

This tax was in litigation, and defendant had knowledge that plaintiff would resist the payment. The treasurer obtained the money by fraud and misrepresentation of facts.

The fact that the treasurer has paid the money over to the city of Atchison, affords no defense. He had full notice, by suit and otherwise, that payment was resisted. It was not paid to the defendant for the purpose of its being paid over to the city. He cannot now shift his liability. 4 *Conn.*, 459; 9 *Johns.*, 201; 1 *Taunt.*, 359; 1 *Camp.*, 397.

*Horton*, for defendant, submitted.

The judgment below should be affirmed.

Because it appears from the findings of fact, "that said defendant was, at the time of receiving said sum of $441.00, the duly elected and acting treasurer of Atchison county, Kansas; that the said sum was levied as a tax upon the personal property of plaintiffs by the

authority of the city of Atchison, and that after receiving the said sum, and prior to any demand upon him therefor, and before the commencement of this action, defendant had paid same into the treasury of Atchison city." (*Story on Agency*, §§ 300, 301, 307; 2 *Cow.*, 568; 10 *Peters*, 154.) *a*. It is well settled that if the agent have, without notice to act otherwise, paid over the money received, to his principal, he never can be called on to refund it. (*Story*, § 300; *Smith Merc. L.*, 143, 145 [3*d ed.*], 1843. 10 *Pet.*, 154; 2 *Cowp.*, 568; 5 *N. Y.*, 376; 2 *Duer*, 521.) *b*. Where money has been paid to an agent to avoid an illegal distress, or an illegal claim, and no notice of the objection to the payment is given before the agent pays it over, the same cannot be recovered back from the agent. *Story*, § 301; 10 *Pet.*, 154.

2. It appears from the findings, that the sum was paid by plaintiffs to defendant, voluntarily, and with full knowledge of the facts. It cannot therefore be recovered. (27 *Maine*, 145 *to* 148; 1 *O. S.*, 268, 275, 278; 24 *Conn.*, 92; 12 *N. Y.*, 308, 313; 10 *Peters*, 137, 158; 2 *Denio*, 39, 40; 9 *Cow.*, 680, 681; 10 *How. Pr.*, 138, 141; 1 *Wend.*, 356; 3 *Barb.*, 369, 371.) *a*. To make the payment of an illegal demand involuntary, it must appear that it was made to release the person or property of the party from detention, or to prevent a seizure of either, by the other party having apparent authority to do so, without resorting to an action of law. (*Cases cited, and Seaton's heirs* v. *The City of Cincinnati*, 1 *O. S.*, 268; 10 *Peters*, 137, 158.) *b*. Under the law of the state, the defendant, upon the non-payment of the taxes, is only authorized to issue warrants to the sheriff for the collection of same, and as the defendant could not compel the sheriff to levy an illegal

warrant, the plaintiffs had no right to suppose that the sheriff of Atchison county would assume to act. (*L.*, '66, 286, § 95.)   *c.* Plaintiffs should have waited until the warrant for the collection of said tax had been placed in the hands of the sheriff, and the sheriff had called at the store and attempted to levy same, before making payment.   *d.* The plaintiffs did not pay the tax until the next day after the defendant had notified them that same must be paid, and then went voluntarily to the office of defendant, and paid the same.   *e.* Plaintiffs paid the tax before any warrant or other process had been issued for payment of same.

*By the Court,* BAILEY, J.

This cause comes up to this court on petition in error from the district court of Atchison county, where it was tried at November term, 1867, by the court, without a jury, and judgment rendered in favor of the defendant in error, who was also defendant in that court.

The facts are fully stated in the findings of the court below. And the plaintiffs complain that the court below erred in its conclusions of law from the facts found. The findings of fact of the district court were as follows:

1. That the said defendant was, at the time alleged in this answer, the duly elected, commissioned and acting treasurer of Atchison county.

2. That the sum of $441, to recover which this suit was instituted, was levied as a tax upon the personal property of the plaintiff, in manner and form as alleged in the answer of defendant.

3. That said tax was illegal, unconstitutional and void.

4. The only question at issue in this case is, whether said tax was paid by said plaintiffs to said defendant voluntarily, or whether it was paid by coercion and under protest.

The facts, as shown by the evidence in the case, are as follows : Sometime in the spring of the year 1866, an action was commenced by numerous plaintiffs, of whom the plaintiff in this case, Moses Greenabaum, was one, against this defendant and others, for the purpose of restraining the collection of said tax.

In that action, an order for a temporary injunction was granted by the judge of the district court of this district, at chambers, to restrain the defendants from further proceedings for the collection of said tax. From that order, the defendant appealed to the Supreme Court on error.

The Supreme Court held the affidavit of the plaintiff, for an injunction, to be insufficient, and reversed the order. By consent of parties, however, the Supreme Court held the case for further consideration, and afterwards declared the tax to be unconstitutional. But before that decision was made, the Supreme Court sent its mandate to the clerk of this district court, reversing the aforesaid order for a temporary injunction. The clerk of this district court gave a copy of the mandate to the defendant, who thereupon went to the store of the plaintiffs, and the plaintiffs not being in, informed the clerks of the fact that he had received a mandate, and told them that the tax must now be paid. The clerks inquired what would be the consequences if the tax was not paid ; to which the defendant replied that if it was not paid, he would issue his warrant to the

sheriff of the county, and that the sheriff would levy upon and sell the stock of goods in the store, as upon execution. It was the intention of the defendant, as appeared from his testimony, to issue his warrant if the tax had not been paid. The tax was paid by said clerks in consequence of said action of the defendant, and would not have been paid otherwise. The next day after this, one of the clerks and agents of the plaintiffs (Moses Greenabaum not being at home), went to the office of said defendant, and paid the tax.

Before defendant called at plaintiff's store, the following notice was published by him in the newspapers at the city of Atchison:

"NOTICE TO TAX-PAYERS.—*Treasurer's Office, Atchison, Kansas, Sept.* 4, 1866.—Notice is hereby given to all persons who have not paid the four and a half per cent. tax, in the city of Atchison, on their personal property, that for all sums unpaid on the 14th day of September, 1866, I shall issue warrants to the sheriff of Atchison county, for collecting the same on that day.          SAMUEL C. KING, County Treasurer."

5. That the plaintiffs demanded from the defendant the said sum of $441, before the commencement of this action.

6. Before demand was made by the plaintiffs, as aforesaid, the said defendant had paid said sum into the treasury of the city of Atchison, as alleged in his answer.

And upon these facts the court does find its conclusions of law, as follows:

That the said sum of $441 was paid by the plaintiffs to the defendant voluntarily, and with a knowledge of the facts, and cannot, therefore, be recovered.

The defendant could not compel the sheriff to levy

22

an illegal warrant, and the plaintiffs had no right to suppose that the sheriff would do so, and they cannot, therefore, say that they were coerced to payment.

These findings of fact and conclusions of law in the court below, reduce the question to be passed upon by this court to a very narrow compass.

Clearly, an illegal tax paid under duress to prevent seizure of goods, may be recovered back if the county treasurer receiving it had notice of the facts, and of the involuntary payment while the money was yet in his hands. Was the payment, then, under the circumstances stated by the court below in this case, a voluntary payment, or not?

The plaintiff, Moses Greenabaum, was absent from home, leaving clerks to manage affairs in his absence. The defendant goes to the store and makes statements and representations well calculated to alarm the clerks; and as it would seem, simply to prevent the seizure and sale of their employers' goods, at what would probably have been a ruinous sacrifice, by the sheriff as on execution, these clerks pay the taxes which their employers had refused to pay, and had commenced and were then prosecuting legal proceedings to set aside. We think such payment, under all the circumstances, was not a voluntary payment of money by the plaintiffs.

If tax gatherers can be protected in the use of false or colorable pretexts, or of strategy, to frighten the employees of an unwilling tax-payer, in his absence, into the payment of an illegal and void tax, on the ground that such payment, extorted from the fears of the agents, was a voluntary payment on the part of the principal, who was absent and ignorant of the

whole transaction, we do not understand the proper use of language.

But the defendant alleges that he had paid the money over to the city of Atchison before the plaintiffs made demand upon him for repayment. Under some circumstances this might, perhaps, constitute a sufficient ground of defense, but we think not upon the state of facts disclosed in this case.

An application pending in the Supreme Court for a perpetual injunction to restrain the collection of this very tax, should have been ample notice to the defendant not to pay over money obtained as this was, until the final determination of the questions involved. A formal demand was not necessary.

The judgment of the court below is reversed, and the cause remanded.

All the justices concurring.