No. 40,922

THE STATE OF KANSAS on the Relation of ROBERT J. DOLE, as County Attorney of Russell County, Kansas; LOYD H. PHILLIPS, as County Attorney of Barton County, Kansas; CHARLES D. JOHNSON, as County Attorney of McPherson County, Kansas; BERNARD NORDLING, as County Attorney of Stevens County, Kansas; DAVID W. KESTER, as County Attorney of Greenwood County, Kansas, and HARRY L. DEPEW, as County Attorney of Wilson County, Kansas, *Plaintiff,* v. J. E. KIRCHNER, as Director of Revenue of the State of Kansas, and RICHARD T. FADELY, as State Treasurer of the State of Kansas, *Defendants.*

(321 P. 2d 183)

Opinion filed January 30, 1958.

*Robert J. Dole,* County Attorney of Russell County, and *Alex Hotchkiss,* of Lyndon, argued the cause, and *Loyd H. Phillips,* County Attorney of Barton County, *Charles D. Johnson,* County Attorney of McPherson County, *Bernard Nordling,* County Attorney of Stevens County, *David W. Kester,* County Attorney of Greenwood County, and *Harry L. Depew,* County Attorney of Wilson County, were with them on the briefs for the plaintiff.

*John Anderson, Jr.,* Attorney General, and *Fred N. Six,* Assistant Attorney General, argued the cause, and *Charles N. Henson, Jr.,* Assistant Attorney General, *Richard E. Pringle,* Assistant Attorney General, and *Clarence J. Malone,* Counsel for the Director of Revenue, were with them on the briefs for the defendants.

*Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Ralph R. Brock* and *J. Edward Taylor, Jr.,* all of Wichita, filed a brief *amici curiae* for Kansas Independent Oil and Gas Association.

*A. E. Kramer,* of Hugoton, filed a brief *amicus curiae* for Southwest Kansas Royalty Owners Association.

*Alden E. Branine,* of Newton, *Kirke W. Dale,* of Arkansas City, *H. W. Stubbs* and *W. P. Wesley,* both of Ulysses, *T. B. Kelley, Fred L. Conner* and *Glenn E. Opie,* all of Great Bend, and *George B. Powers, P. K. Smith, George C. Spradling* and *George Stallwitz,* all of Wichita, filed a brief *amici curiae* for Kansas-Oklahoma Division, Mid-Continent Oil & Gas Association.

*John M. Wall,* of Sedan, and *Charles E. Henshall* and *John H. Sherman, Jr.,* both of Chanute, filed a brief *amici curiae* for Eastern Kansas Oil and Gas Association.

The opinion of the court was delivered by

PRICE, J.: This is an original action in quo warranto by the State of Kansas on the relation of the county attorneys of Russell, Barton, McPherson, Stevens, Greenwood and Wilson counties, to oust defendant Director of Revenue and defendant State Treasurer from carrying out the terms and provisions of Chapter 516, Laws of 1957, found at G. S. 1957 Supp. 79-4201, *et seq.,* known as the Oil and Gas Severance Tax.

The act became effective on July 1, 1957. Due to the urgency and necessity of an early decision, the hearing of the case was advanced on our docket at the request of all parties. Issues were joined and the case was briefed and argued orally to the court.

It is contended by plaintiff that the act is unconstitutional, and therefore void, on any one or all of seven different grounds, the first of which is that the *subject of the act is not clearly expressed in its title,* as required by Art. 2, Sec. 16, of our Constitution, which reads:

"No bill shall contain more than one subject, *which shall be clearly expressed in its title,* and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed." (Emphasis supplied.)

The title of the act reads:

"An act providing for the *assessment, levy and collection of a tax upon the gross value of certain products* and providing for the disposition of revenues

received from such tax; and providing penalties for the violations of the act." (Emphasis supplied.)

The substance of the basic subject matter of the act is found in Sec. 2 (G. S. 1957 Supp. 79-4202) thereof. It reads:

"From and after July 1, 1957, there is hereby levied and imposed, *an annual privilege tax upon every person engaging or continuing within this state in the business of producing, or severing oil or gas from the soil or water for sale, transport, storage, profit, or for commercial use.* The amount of such tax shall be measured by the value of the oil and gas produced, and shall be levied and assessed at the rate of one percent (1%) thereof at the point of production." (Emphasis supplied.)

Specifically, the question, insofar as this ground of attack is concerned, is this:

Is the *subject* of the act, which is the imposition of an *annual privilege* tax upon every person engaging or continuing within this state in the business of *producing, or severing oil or gas from the soil or water* for sale, transport, storage, profit, or for commercial use, *clearly expressed in its title* in compliance with the constitutional mandate?

Upon consideration of the matter and the contentions of the parties, the court is forced to the conclusion that the question must be answered in the *negative*.

The title of the act being fatally defective, the entire act is unconstitutional and void. That being the case, other grounds of alleged invalidity become moot and require no discussion.

A formal and more complete opinion will be filed when prepared.

Judgment is therefore entered for plaintiff.