No. 40,922

THE STATE OF KANSAS on the Relation of ROBERT J. DOLE, as County Attorney of Russell County, Kansas; LOYD H. PHILLIPS, as County Attorney of Barton County, Kansas; CHARLES D. JOHNSON, as County Attorney of McPherson County, Kansas; BERNARD NORDLING, as County Attorney of Stevens County, Kansas; DAVID W. KESTER, as County Attorney of Greenwood County, Kansas, and HARRY L. DEPEW, as County Attorney of Wilson County, Kansas, *Plaintiff,* v. J. E. KIRCHNER, as Director of Revenue of the State of Kansas, and RICHARD T. FADELY, as State Treasurer of the State of Kansas, *Defendants.*

(322 P. 2d 759)

Opinion filed March 8, 1958.

*Robert J. Dole,* County Attorney of Russell County, and *Alex Hotchkiss,* of Lyndon, argued the cause, and *Loyd H. Phillips,* County Attorney of Barton County, *Charles D. Johnson,* County Attorney of McPherson County, *Bernard Nordling,* County Attorney of Stevens County, *David W. Kester,* County Attorney of Greenwood County, and *Harry L. Depew,* County Attorney of Wilson County, were with them on the briefs for the plaintiff.

*John Anderson, Jr.,* Attorney General, and *Fred N. Six,* Assistant Attorney General, argued the cause, and *Charles N. Henson, Jr.,* Assistant Attorney General, *Richard E. Pringle,* Assistant Attorney General, and *Clarence J. Malone,* Counsel for the Director of Revenue, were with them on the briefs for the defendants.

*Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Ralph R. Brock* and *J. Edward Taylor, Jr.,* all of Wichita, filed a brief *amici curiae* for Kansas Independent Oil and Gas Association.

*A. E. Kramer,* of Hugoton, filed a brief *amicus curiae* for Southwest Kansas Royalty Owners Association.

*Alden E. Branine,* of Newton, *Kirke W. Dale,* of Arkansas City, *H. W. Stubbs* and *W. P. Wesley,* both of Ulysses, *T. B. Kelley, Fred L. Conner* and *Glenn E. Opie,* all of Great Bend, and *George B. Powers, P. K. Smith, George C. Spradling* and *George Stallwitz,* all of Wichita, filed a brief *amici curiae* for Kansas-Oklahoma Division, Mid-Continent Oil & Gas Association.

*John M. Wall,* of Sedan, and *Charles E. Henshall* and *John H. Sherman, Jr.,* both of Chanute, filed a brief *amici curiae* for Eastern Kansas Oil and Gas Association.

The opinion of the court was delivered by

PRICE, J.: This is an original action in quo warranto by the State of Kansas on the relation of the county attorneys of Russell, Barton, McPherson, Stevens, Greenwood and Wilson counties, to oust defendant Director of Revenue and defendant State Treasurer from carrying out the terms and provisions of Chapter 516, Laws of 1957, found at G. S. 1957 Supp. 79-4201, *et seq.,* known as the Oil and Gas Severance Tax.

The act became effective on July 1, 1957. Due to the urgency and necessity of an early decision, the hearing of the case was advanced on our docket at the request of all parties. Issues were joined and the case was briefed and argued orally to the court. On January 30, 1958, judgment was entered for plaintiff, and our decision was announced in a brief opinion filed on that date, and is found at *State, ex rel., v. Kirchner,* 182 Kan. 437, 321 P. 2d 183. The purpose of this opinion is to state more specifically the reason for our decision.

It is contended by plaintiff that the act is unconstitutional, and therefore void, on any one or all of seven different grounds, the first of which is that the subject of the act is not clearly expressed in its title, as required by Art. 2, Sec. 16, of our Constitution, which reads:

"No bill shall contain more than one subject, *which shall be clearly expressed in its title,* and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed." (Emphasis supplied.)

The title of the act reads:

"An Act providing for the *assessment, levy and collection of a tax upon the gross value of certain products* and providing for the disposition of revenues received from such tax; and providing penalties for the violations of the act." (Emphasis supplied.)

The basic subject matter of the act is found in Sec. 2 (G. S. 1957 Supp. 79-4202) thereof. It reads:

"From and after July 1, 1957, there is hereby levied and imposed, *an annual privilege tax upon every person engaging or continuing within this state in the business of producing, or severing oil or gas from the soil or water for sale, transport, storage, profit, or for commercial use.* The amount of such tax shall be measured by the value of the oil and gas produced, and shall be levied and assessed at the rate of one percent (1%) thereof at the point of production." (Emphasis supplied.)

Specifically, the question, insofar as this ground of attack is concerned, is this:

Is the *subject* of the act, which is the *imposition of an annual privilege tax upon every person engaging or continuing within this state in the business of producing, or severing oil or gas* from the soil or water for sale, transport, storage, profit, or for commercial use, *clearly expressed in its title* in compliance with the constitutional mandate?

Notwithstanding the rules of liberal construction applicable when the constitutionality of an act of the legislature is attacked (*State, ex rel., v. Board of Education,* 173 Kan. 780, 252 P. 2d 859; *City of Lawrence v. Robb,* 175 Kan. 495, 265 P. 2d 317; *State, ex rel., v. Kansas Turnpike Authority,* 176 Kan. 683, 273 P. 2d 198; *State, ex rel., v. Urban Renewal Agency of Kansas City,* 179 Kan. 435, 296 P. 2d 656; *Marks v. Frantz,* 179 Kan. 638, 643, 298 P. 2d 316), and to which we adhere, we nevertheless are forced to the conclusion that the question must be answered in the *negative.*

On the specific question of the sufficiency of the title of an act to comply with the mandate of the constitution this court, in the recent case of *Water District No. 1 v. Robb,* 182 Kan. 2, 318 P. 2d 387, had occasion to review many of the earlier decisions on the subject, and on pages 9 and 10 of the opinion are found statements to the effect that the purpose of a title is to direct the mind to the contents of a bill so that members of the legislature and the public may be fairly informed and not deceived or misled as to what it embraces; that it is not necessary that the title be a synopsis or abstract of the entire act in all its details, and it is sufficient if the title indicates clearly, though in general terms, the scope of the act; that the title of an act will be liberally construed for the purpose of upholding a law; that all provisions of an act must be directly related to the subject expressed in its title, and that the constitutional provision in question is an imperative mandate to the legis-

lature commanding it that no bill shall contain more than one subject which shall be *clearly expressed* in the title. (See also syl. 2 of the opinion.)

Defendants contend that under the "germane test" rule of the Board of Education, the City of Lawrence and the Turnpike cases, *supra,* the title of the act before us is valid, that is, the words "a tax upon the gross value of certain products," are germane to the subject matter of the act—the levy and imposition of a severence tax on oil and gas. On the precise point in issue what was said and held in those cases is of little or no help to defendants' position for the reason that reference to the facts of the mentioned cases discloses that the question in each, insofar as the sufficiency of the title of the act there under consideration was concerned, was whether certain provisions of the act were germane to the subject expressed in the title, and reference to each of the titles discloses that each was far more broad and comprehensive than the one here under consideration.

The constitutions of some states provide merely that the subject of an act be "expressed" in the title. Ours provides that the subject shall be *clearly* expressed. The use of the word "clearly" is entitled to significance and weight, and it means just what it says. The use of the word requires greater precision and clarity in the title of an act than would be necessary were it omitted, and when, as here, the constitution requires the subject of an act to be *clearly* expressed in its title the subject matter is not to be dubiously or obscurely indicated, but rather, the connection must be so obvious and clear that resort to ingenious reasoning aided by superior rhetoric will not be necessary in order to ascertain it. (See 50 Am. Jur., Statutes, § 174, p. 156, and 82 C. J. S., Statutes, § 219, p. 364.)

Entirely aside from what we are advised in the briefs as to the legislative "history" surrounding the passage of this act as reflected in the legislative journals, but which we consider unnecessary to set out, there is no question but that the subject of this act is not clearly expressed in its title. The title merely refers to the levy of "a tax upon the gross value of certain products." As to *what* products are to be taxed, and the *nature* of the tax, the reader is left to his imagination, and resort must be had to the body of the act in order to discover that in reality the subject matter is a *privilege tax on those persons engaging in severing oil or gas.* By

no stretch of the imagination can it be said the *subject* of this act is *clearly expressed* in its title. Expediencies of the moment, or the exigencies of a situation—political, economic or otherwise—afford no ground for disregarding the express mandate of the Constitution.

The title of the act being fatally defective, the entire act is unconstitutional and void. That being the case, questions relating to other grounds of alleged invalidity become moot and require no discussion.

Judgment is therefore entered for plaintiff.

FATZER, J., dissents.