No. 46,060

MERLE P. ZIMMERMAN, *Appellant*, v. BOARD OF REVIEW OF THE EMPLOYMENT SECURITY DIVISION OF THE STATE LABOR DEPARTMENT OF KANSAS, SID CLABERT, ROBERT C. HARDER, JAMES G. WINN, as members, LEO J. PHALEN, as Executive Secretary of said Board and LEAR JET CORPORATION, a/k/a LEAR JET INDUSTRIES, INC. *Appellees.*

(490 P. 2d 359)

Opinion filed November 6, 1971.

*James S. Phillips,* of Wichita, argued the cause and was on the brief for the appellant.

*Marlin A. White,* of Holton, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FATZER, C. J.: This appeal involves the eligibility of the appellant, Merle P. Zimmerman, for unemployment insurance benefits under the provisions of the Kansas Employment Security Law (K. S. A. 44-701 *et seq.*), and particularly K. S. A. 44-706.

The appellant was an employee of Lear Jet Industries, Inc. from April 17, 1967, until December of 1968. His last day of work was December 11, 1968. He was absent from work on December 12th, 13th and 16th. On December 17, the employer prepared a termination notice for failure to report to work, and that notice was mailed to the appellant. The next day, December 18, the appellant returned to his place of employment and submitted his letter of resignation.

He testified he received the termination notice after he returned home from submitting his letter of resignation.

The appellant filed a claim for unemployment compensation benefits, and the examiner found he left work voluntarily without good cause and as a result was disqualified from receiving unemployment benefits for a period from December 8, 1968, to January 25, 1969. (K. S. A. 44-706.) This determination was delivered to the appellant in person on December 26, 1968.

The claimant filed an appeal in person on January 2, 1969, and a hearing before a referee was held on January 21, 1969. The appellant and one Ed Bishop, an employee of Lear Jet, were present at the hearing. Evidence was introduced and the referee made findings of fact and concluded there was no evidence of significant provocation toward appellant's supervisor sufficient to justify a finding that he left his employment for good cause. The examiner's determination was affirmed, and the appellant found disqualified to receive unemployment benefits for the weeks in question.

The appellant timely appealed to the Board of Review of the Employment Security Division, and requested a hearing before the Board in addition to the hearing before the referee. The request was granted, and a hearing officer for the Board heard the evidence in full. The evidence of both hearings was transcribed and submitted to the Board for consideration and decision. Having reviewed the evidence, and on July 11, 1969, the Board unanimously affirmed the decision of the referee entered February 6, 1969, denying the appellant's claim for benefits.

Thereafter, the appellant timely filed his petition in the district court for judicial review of the Board's decision of July 11, 1969. He also requested judicial review of an examiner's determination on March 18, 1969, that he was ineligible for unemployment benefits on a finding the appellant was unavailable for work and made no reasonable effort to obtain employment. The examiner's determination was not appealed to the referee and was never appealed to the Board of Review. The Board never assumed jurisdiction of the latter determination, nor did it pass on any merits of the matter.

On October 17, 1969, the cause came on for trial before the district court pursuant to K. S. A. 1965 Supp. 44-709 (h) [since amended and now K. S. A. 1970 Supp. 44-709 (i)]. The court found the appellant had not properly appealed the examiner's determina-

tion of March 18, 1969, and that issue was not before the court. It further found the appellant's petition for judicial review of the Board's decision of July 11, 1969, should be denied upon the ground there was ample evidence to support the Board's finding the appellant voluntarily left his employment without good cause. The court also found there was no evidence to support alleged fraud on the part of the administrative officers, or the Board. Thereafter, the appellant perfected this appeal.

Under K. S. A. 1965 Supp. 44-709 (*h*) [since amended and now K. S. A. 1970 Supp. 44-709 (*i*)], where a claimant seeks judicial review, findings of the Board of Review are conclusive and may not be set aside by the district court in the absence of fraud where they are supported by evidence, and the jurisdiction of the district court is confined to questions of law. (*Pickman v. Weltmer*, 191 Kan. 543, 382 P. 2d 298.)

The evidence before the Board of Review was conflicting. There was evidence to indicate the appellant's employment was terminated by his employer for failure to report to work for three days. There was also evidence to show the appellant submitted a letter of resignation to his employer resigning his employment. The Board, as the trier of the facts, made its decision based upon the evidence that the appellant left his employment voluntarily without good cause. The Board's findings are supported by substantial evidence and should not be disturbed by the district court, or by this court on appeal.

As indicated, the appellant attempted to appeal to the district court and now to this court with respect to the examiner's determination of March 18, 1969, wherein the examiner found the appellant ineligible for unemployment benefits on a finding he was not available for work and made no reasonable effort to obtain employment. The rules and procedures adopted by the Board are authorized by K. S. A. 1965 Supp. 44-709 (*f*) [since amended and now K. S. A. 1970 Supp. 44-709 (*g*)], which fully sets forth the procedures for any party aggrieved by an examiner's determination. Those regulations set forth the method whereby the appeal may be heard; first, before a referee who shall make a complete transcript of the record of the hearing before him, and who shall then render an opinion based upon the evidence which shall be transmitted to the aggrieved party. Any party aggrieved by the referee's decision shall then have a right to appeal to the Board of Review. The

appellant herein made no attempt to file a written appeal from the examiner's determination and therefore failed to exhaust his administrative remedies in that respect. See 42 Am. Jur., Public Administrative Law, § 197, p. 580. Our Unemployment Insurance Act contains complete administrative procedures, with provision for one original determination and two appeals, fulfilling every requirement of due process of law. Until those administrative procedures have been invoked and completed, there is nothing the district court, or any other court, may review.

The judgment of the district court affirming the Board of Review's decision in this case is affirmed.

It is so ordered.