(756 P.2d 1107)
No. 60,935

CRAIG VANN, *Appellant*, v. EMPLOYMENT SECURITY BOARD OF REVIEW and AEROQUIP CORPORATION, *Appellees*.

Opinion filed June 24, 1988.

*Donald McLean, Charles J. Cavenee*, legal intern, and *Dennis Prater*, supervising attorney, of Douglas County Legal Aid Society, Inc., of Lawrence, for the appellant.

*James R. McEntire*, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, and *Marlin A. White*, of Holton, for the appellees.

Before DAVIS, P.J., WILLIAM M. COOK, District Judge, assigned, and M. KAY ROYSE, District Judge, assigned.

ROYSE, J.: This is an action for judicial review of orders by the Employment Security Board of Review. The trial court determined that, because claimant Craig Vann had not exhausted his administrative remedies, the appeal to district court was improper.

Vann worked as a spot welder for defendant Aeroquip Corporation. Aeroquip discharged Vann for excessive absenteeism on May 9, 1986. Vann applied for unemployment benefits. By a decision mailed May 30, 1986, an examiner determined Vann was eligible for unemployment benefits because he had not been discharged for breach of a duty owed Aeroquip. Aeroquip appealed the examiner's decision, but it was affirmed by a referee in August 1986.

Aeroquip appealed the decision to the Employment Security Board of Review. The board set aside the referee's decision, finding that Vann had been discharged for breach of a duty owed Aeroquip. The board determined Vann was retroactively disqualified from receiving benefits from May 11, 1986, through July 26, 1986. The board ordered that a $1,900 overpayment be assessed against Vann and that Vann's entitlement to future benefits be reduced by $1,900.

Vann filed a timely appeal to the district court. The trial court determined that substantial evidence supported the conclusion that Vann was disqualified from receiving benefits under K.S.A. 44-706. That ruling has not been appealed.

Vann's petition to the district court further challenged the board's assessment, as well as the board's order both of assessment and reduction in future benefits. The trial court determined that Vann had failed to exhaust his administrative remedies because he had not requested waiver of the assessment pursuant to K.S.A. 44-719(d). K.S.A. 44-719(d) provides in part:

"The collection of benefit overpayments which were made in the absence of fraud, misrepresentation or willful nondisclosure of required information on the part of the person who received such overpayments, may be waived by the secretary at any time if such person met all eligibility requirements of the employment security law during the weeks in which the overpayments were made."

Where administrative remedies are available, they must ordinarily be exhausted before a litigant can resort to the courts. *Beaver v. Chaffee,* 2 Kan. App. 2d 364, 369, 579 P.2d 1217 (1978). If no administrative remedy is available or it is inadequate to address the problem at issue, exhaustion is not required. *Western Kansas Express, Inc. v. Dugan Truck Lines Inc.,* 11 Kan. App. 2d 336, 338, 720 P.2d 1132 (1986). A primary purpose of the doctrine requiring exhaustion of administrative remedies is to avoid "premature interruption of the administrative process." *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 904, 528 P.2d 1232 (1974). The doctrine allows the administrative process to run its full course before the courts become involved in the matter. *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. at 904-05.

The legislature has set forth an administrative process for unemployment benefits claims in K.S.A. 44-709. That statute provides for initial determination by an examiner; appeal to a

referee if filed within sixteen days; appeal to the board of review if filed within sixteen days; and court review if an action is filed within sixteen days. K.S.A. 44-709 sets forth a complete administrative procedure. Nothing in K.S.A. 44-709 incorporates K.S.A. 44-719(d) or suggests that a request for waiver under 44-719(d) is a prerequisite to any step in the administrative process. Certainly, the sixteen-day increments in 44-709 are not consistent with waiver "at any time," as provided in 44-719(d).

The Supreme Court has observed that K.S.A. 44-709 "fully sets forth the procedures for any party aggrieved by an examiner's determination." *Zimmerman v. Board of Review of the Employment Security Division*, 208 Kan. 68, 70, 490 P.2d 359 (1971). Those procedures are: "one original determination and two appeals, fulfilling every requirement of due process of law. Until those administrative procedures have been invoked and completed, there is nothing the district court, or any court, may review." 208 Kan. at 71.

In short, the statutes contain no requirement that a litigant request waiver before seeking judicial review.

The issues in this case highlight another problem with viewing request for waiver as a requisite to judicial review. Vann's petition sought a determination whether the board had acted within the scope of its authority in ordering both a $1,900 assessment and a $1,900 reduction in future benefits. It is the function of the courts, not of administrative agencies, to determine whether an agency has acted within the scope of its authority. *R.D. Andersen Constr. Co. v. Kansas Dept. of Human Resources*, 7 Kan. App. 2d 453, 456, 643 P.2d 1142, *rev. denied* 231 Kan. 801 (1982). The secretary has no power to determine whether the board's actions were proper. A request that the secretary waive the assessment could not have resolved the issues raised by Vann's petition.

Application to the secretary for waiver, then, is not required and the failure to do so does not bar claimant from obtaining judicial review of the remaining issues raised in his petition.

Reversed and remanded.