(860 P.2d 56)

No. 69,322

69,323

69,442

COLORADO INTERSTATE GAS COMPANY and ANR PIPELINE COMPANY, *Appellants,* v. MARK BESHEARS, SECRETARY OF REVENUE, *et al., Appellees.*

Petition for review filed October 7, 1993

Opinion filed September 24, 1993.

*Richard D. Greene,* of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, for appellants.

*William E. Waters,* of the State Department of Revenue, for appellees.

Before ELLIOTT, P.J., GREEN, J., and CARLOS MURGUIA, District Judge, assigned.

GREEN, J.: This is a consolidated appeal. ANR Pipeline Company (ANR) and Colorado Interstate Gas Company (CIG) (collectively referred to as appellants or pipelines) appeal the

decisions of the Board of Tax Appeals (BOTA) and the district court. Both BOTA and the district court have dismissed appellants' claim because of a lack of jurisdiction. The pipelines argue the denial of a review of their claims is a denial of their due process rights.

In order to properly understand the jurisdictional issues presented in this case, a brief overview of the appellants' underlying claim is necessary. Pursuant to K.S.A. 79-5a01, railroad and pipeline corporations are deemed public utilities for the purposes of valuation and assessment of ad valorem taxes. In a federal consent decree dated August 11, 1989, railroads were given much more favorable tax treatment. The consent decree was the result of a settlement reached between BOTA and certain railroads on a legal challenge to their 1989 assessment based on the Railroad Revitalization and Regulatory Reform Act, 49 U.S.C. § 11503 (1988). In this case, the pipelines have filed suit, claiming their disparate treatment for the tax year 1989 violated the Kansas Constitution. The pipelines contend Article 11, § 1 of the Kansas Constitution requires uniform and equal treatment for members of the same class for taxation purposes.

We note the pipelines have a separate appeal on this same claim for the tax years 1990 and 1991 pending before our Supreme Court (case No. 69,116).

The pipelines argue a denial of a hearing by both BOTA and the district court is a violation of their rights under the Due Process Clause of the Kansas and United States Constitutions.

Procedural due process requires a right to a fair trial in a fair tribunal. *State v. Green,* 245 Kan. 398, 404, 781 P.2d 678 (1989). The constitutional requirements of due process are satisfied where the taxpayer, at some stage of the assessment procedures, has an opportunity to appear and contest the assessment. *Shields Oil Producers, Inc. v. County of Russell,* 229 Kan. 579, 582, 629 P.2d 152 (1981). Currently, a public utility's right to appeal its assessment is governed by K.S.A. 79-5a05 and K.S.A. 74-2438.

K.S.A. 79-5a05 provides in pertinent part:

"Before the assessed valuation of public utility property is finally determined, the director of property valuation shall cause to be sent to each public utility a statement of the appraised valuation of the utility's property. The determination contained in such statement shall not require an adju-

dicative proceeding under the Kansas administrative procedure act. The statement shall inform the public utility of the right to an informal conference as provided in this section. The failure to request an informal conference shall not preclude any appeal under K.S.A. 74-2438 and amendments thereto. If a public utility has any objection to the statement as issued, the public utility shall, within 15 days of the date of mailing of such statement, notify the director in writing of such objection."

A statement of valuation was sent to CIG on May 11, 1989, and a statement of valuation was sent to ANR on May 30, 1989. Neither pipeline objected to the Director of Property Valuation's (PVD) assessed valuations.

K.S.A. 74-2438 provides in pertinent part:

"An appeal may be taken to the state board of tax appeals from any finding, ruling, order, decision, or other final action on any case of the director of taxation or director of property valuation by any person aggrieved thereby. Notice of such appeal shall be filed with the secretary of the board within 30 days after such finding, ruling, order, decision or other action on a case, and a copy served upon the director concerned."

The pipelines concede they failed to follow the statutory procedures outlined above. However, they contend the action which gave rise to their claims did not occur until August 11, 1989. On that date, the PVD and the railroads entered into a consent decree giving railroads more favorable tax treatment than pipelines. The pipelines contend BOTA had authority to entertain their claims pursuant to K.S.A. 79-1702. They also contend the district court had power to entertain their case because of the constitutional challenge involved.

A. Authority of BOTA to hear the pipelines' claims pursuant to K.S.A. 79-1702.

K.S.A. 79-1702 in pertinent part provides:

"If any taxpayer or any municipality or taxing district shall have a grievance not remediable under the provisions of K.S.A. 79-1701 or 79-1701a, and amendments thereto, . . . such grievance may be presented to the state board of tax appeals and if it shall be satisfied from competent evidence produced that there is a real grievance, it may direct that the same be remedied either by canceling the tax, if uncollected, together with all penalties charged thereon, or if the tax has been paid, by ordering a refund of the amount found to have been unlawfully charged and collected.

. . . .

"Errors committed in the valuation and assessment process that are not specifically enumerated in K.S.A. 79-1701, and amendments thereto, shall

be remediable only under the provisions of K.S.A. 79-2005, and amendments thereto."

The pipelines contend K.S.A. 79-1702 is a catch-all provision which provides remedies for grievances not otherwise remediable. According to the pipelines, their claim of discriminatory application of assessments falls within that description.

In its order denying rehearing, BOTA stated:

"The Board notes that the issue before it is a valuation and assessment issue. The issue is one of appraisal judgment and discretion. This is not a clerical type error or an error made by a county official remediable under K.S.A. 79-1702. K.S.A. 79-1702 is not intended to provide relief for state assessed property nor is it intended to provide relief in valuation issues. The applicant's only avenue for relief for this particular valuation issue is to first appeal in a timely manner to the Director of Property Valuation. The applicant failed to follow the proper procedures and the Board is without authority to hear the case. All procedures set forth in K.S.A. 79-5a05 and K.S.A. 74-2438 must be followed exactly or the Board is without authority to hear the case and must dismiss it for lack of jurisdiction. See *Vaughn v. Martell,* 226 Kan. 658 (1979). The Board, therefore, has no recourse but to dismiss the applicant's grievance for lack of jurisdiction. The order as originally issued is sustained and the request for rehearing must be denied."

The pipelines argue that BOTA's ruling is wrong because it mischaracterizes the issue and the scope of K.S.A. 79-1702. First, the pipelines contend the issue is not one of appraisal. The issue, according to the pipelines, is the PVD's discriminatory implementation of the ad valorem taxation system. However, the pipelines misunderstand BOTA's order denying a rehearing. In denying the rehearing, BOTA determined the issue in this case is one of valuation and assessment, which encompasses the more specific question of the PVD's discriminatory implementation.

The pipelines next contend that BOTA incorrectly determined the scope of K.S.A. 79-1702. BOTA's interpretation of K.S.A. 79-1702 appears to limit relief to clerical type error made to county assessed property.

To support their argument that K.S.A. 79-1702 is not limited to county assessed property, the pipelines cite three cases where, under the proper circumstances, the statute has been used by state assessed taxpayers. However, a closer examination of each case shows the pipelines' reliance is misplaced.

In *Felten Truck Line v. State Board of Tax Appeals*, 183 Kan. 287, 293, 327 P.2d 836 (1958), the court held G.S. 1949, 79-1702 (now K.S.A. 79-1702) was available to the appellants to challenge the state commission of revenue and taxation's assessment of their property and other acts of the commission in applying the motor carrier tax statutes, G.S. 1949, 79-6a01 *et seq.* (1955 Supp.). However, this statement is no longer a correct statement of the law. Prior to certain amendments in 1959, motor carriers' only means of challenging the tax assessment of the commission was either under G.S. 1949, 79-1702 or injunctive relief under G.S. 1949, 60-1121 (now K.S.A. 60-907[a]). In 1959, 79-6a04 was amended to permit a direct appeal identical to the process now available in K.S.A. 79-5a04. See L. 1959, ch. 369, § 4. K.S.A. 60-907(a) is not applicable in this case because the pipelines did not seek injunctive relief until August 1992, well after the property tax had been levied, assessed, and collected.

· The other two cases cited do not address the applicability of 79-1702. In *Panhandle Eastern Pipe Line Co. v. Fadely*, 189 Kan. 283, 285, 369 P.2d 356 (1962), the court approved BOTA's determination that it "has no authority to order a refund under G.S. 1949, 79-1702, of an excise tax, and that the only authority which said Board has under this statute is in regard to ad valorem tax." Clearly, this statement cannot be used to say K.S.A. 79-1702 was meant to cover property assessed by the PVD.

Finally, in *Northern Natural Gas Co. v. Bender*, 208 Kan. 135, 142-43, 490 P.2d 399 (1971), *cert. denied* 406 U.S. 967 (1972), the court refused to speculate whether, under 79-1702, BOTA could provide a state assessed interstate pipeline effective relief. The court refused to apply 79-1702 because the appellant had not exhausted its administrative remedies under the direct appeal procedure of K.S.A. 74-2426. Therefore, the three aforementioned cases cited by the pipelines have failed to establish a clear legal precedent that K.S.A. 79-1702 is available to challenge an assessment made by the PVD.

· Next, the pipelines contend the plain language of K.S.A. 79-1702 provides that "any taxpayer" may present a grievance to BOTA. However, this argument overstates BOTA's jurisdiction to hear grievances under K.S.A. 79-1702. In order for BOTA to have jurisdiction under K.S.A. 79-1702, the grievance must not

be remediable under K.S.A. 79-1701 (clerical errors) or K.S.A. 1992 Supp. 79-2005 (errors in valuation and assessment not specifically listed in 79-1701).

In this case, the pipelines have shown the remedies under K.S.A. 79-1701 and K.S.A. 1992 Supp. 79-2005 are not available to them. Furthermore, the pipelines concede their complaint is not one of the eight clerical errors listed in K.S.A. 79-1701. Moreover, K.S.A. 1992 Supp. 79-2005 "shall not apply to the valuation and assessment of property assessed by the [PVD]." K.S.A. 1992 Supp. 79-2005(n). Therefore, the pipelines argue, K.S.A. 79-1702 is available to them. However, the analysis does not end here.

BOTA contends K.S.A. 79-1702 is only available for correction of clerical errors made in the appraisal, assessment, and tax rolls of a county. In support of its argument, BOTA contends the Kansas Legislature amended K.S.A. 79-1702 in 1980 to provide: "Errors committed in the valuation and assessment process that are not specifically enumerated in K.S.A. 79-1701 shall be remediable only under the provisions of K.S.A. 79-2005 . . . . " L. 1980, ch. 311, § 2. At the same time, the Kansas Legislature excluded state assessed property from appeal under K.S.A. 79-2005. L. 1980, ch. 315, § 1. Therefore, BOTA contends the legislature must have intended K.S.A. 79-5a05 and 74-2438 to be the exclusive method of appeal for a state assessed public utility.

Unfortunately, no court has had an occasion to interpret the amendment and the scope of BOTA's jurisdiction under K.S.A. 79-1702 in light of the 1980 amendment.

The pipelines rely on *Wirt v. Esrey,* 233 Kan. 300, 662 P.2d 1238 (1983), to support their proposition that K.S.A. 79-1702 gives BOTA jurisdiction to grant taxpayers relief for tax assessment complaints not otherwise remediable. In *Wirt,* the taxpayer was given a refund by BOTA for taxes paid under protest because of an improper valuation of its property by Johnson County. However, *Wirt* is not controlling in this case because as the court noted, "K.S.A. 79-1702 has been amended to effectively eliminate a taxpayer's use of this statute when concerning errors in valuation and assessment." 233 Kan. at 317.

Further, in *Northern Natural Gas,* 208 Kan. 135, addressing the application of 79-2005 to challenge the validity of a state

assessment of public utilities, the court held: "[W]here property has been assessed by the Director on a statewide basis, the method of review outlined in 74-2426 is exclusive, and the assessment may not be challenged collaterally under 79-2005. Otherwise, not only might confusion, delay and harassment result, but multiplicity of actions, abhorred in the law, might attend as well." 208 Kan. at 140.

This rationale is also persuasive as to whether K.S.A. 79-1702 is available to state assessed public utilities for collateral challenge to the PVD implementation of the ad valorem tax on state assessed public utilities. The legislature has expressed its clear intent that K.S.A. 74-2438 is the exclusive method for a public utility to challenge the PVD's assessment and valuation of property. Finally, to permit collateral challenge under K.S.A. 79-1702 would surely lead to confusion and delay.

Therefore, for the reasons stated above, BOTA did not err in finding K.S.A. 79-1702 was not available to the pipelines.

B. District court power to hear the pipelines' constitutional challenge.

The pipelines argue the district court erred in dismissing their case for a failure to exhaust administrative remedies for the tax years 1989, 1990, and 1991. The pipelines contend that for the 1989 tax year they could not have exhausted an administrative remedy because no administrative remedy was available by the time the basis for their appeal accrued. The pipelines also contend their actions for the tax years 1990 and 1991 should have been stayed pending a determination of the issue of jurisdiction.

In summarizing the doctrine of exhaustion of administrative remedies, the court has stated:

"K.S.A. 77-612 provides, in pertinent part, as follows: 'A person may file a petition for judicial review under this act only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review.' This court has stated the rule in less rigid terms: 'The well-recognized rule in this state is that where a full and *adequate* administrative remedy is provided in tax matters by statute, such remedy must *ordinarily* be exhausted before a litigant may resort to the courts.' (Emphasis added.) *State ex rel. Smith v. Miller*, 239 Kan. 187, Syl. ¶ 1, 718 P.2d 1298 (1986).

. . . .

". . . The purpose to be served by requiring exhaustion of administrative remedies and the relative functions of the administrative agency and the judiciary were stated by this court in *Jenkins v. Newman Memorial County Hospital*, 212 Kan. 92, 95, 510 P.2d 132 (1973):

'The doctrine of exhaustion of administrative remedies is directed toward promoting proper relationships between the courts and administrative agencies charged with particular administrative and regulatory duties. It promotes orderly procedure and requires a party to exhaust the administrative sifting process with respect to matters peculiarly within the competence of the agency.'

In the realm of taxes, matters of assessment, exemption, equalization, and valuation are administrative in character. See *Symns v. Graves*, 65 Kan. 628, 636, 70 Pac. 591 (1902). Under Kansas law, it would be unwarranted for a court to entertain a tax suit on any of these matters of administrative expertise where administrative remedies had not been pursued." *Dean v. State*, 250 Kan. 417, 420-21, 826 P.2d 1372 (1992).

See *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 857 P.2d 666 (1993), for a thorough discussion of the exhaustion doctrine.

However, the law recognizes certain exceptions to the exhaustion doctrine. "If no administrative remedy is available or if it is inadequate to address the problem at issue, exhaustion is not required." *Vann v. Employment Security Bd. of Review*, 12 Kan. App. 2d 778, Syl. ¶ 1, 756 P.2d 1107 (1988). Similarly, the ultimate power to determine the constitutionality of any agency action rests with the courts. "Where there are no issues raised which lend themselves to administrative determination and the only issues present . . . require judicial determination . . . , it follows that plaintiffs should be permitted to seek court relief without first presenting the case to the administrative agency." *Zarda v. State*, 250 Kan. 364, 368-69, 826 P.2d 1365 (1992).

In this case, the pipelines claim the PVD's settlement with the railroads creates disparate tax treatment in violation of the uniform and equal tax provisions of the Kansas Constitution. For the tax year of 1989, the district court correctly observed that the pipelines had no administrative remedy. Still, the district court dismissed the case for failure to exhaust administrative remedies, thereby leaving the pipelines with no means of seeking judicial review of the actions of the PVD.

In cases where constitutional questions are in issue, the availability of judicial review is presumed, and a statutory scheme

should not be read to take the extraordinary step of foreclosing jurisdiction unless the legislature's intent to do so is manifested by clear and convincing evidence. *Califano v. Sanders,* 430 U.S. 99, 109, 51 L. Ed. 2d 192, 97 S. Ct. 980 (1977).

We have reviewed K.S.A. 74-2426 and find no intent by the legislature to preclude constitutional challenges. Therefore, we reverse the district court's dismissal of the appellants' case concerning the 1989 tax year.

Further, we note the district court should determine whether the pipelines have presented a constitutional claim which is at least colorable. *Koerpel v. Heckler,* 797 F.2d 858, 863 (10th Cir. 1986). Our review is not on the merits of the constitutional claim of the pipelines; however, we have presumed their constitutional claim is colorable for purposes of determining jurisdiction.

Finally, the pipelines concede the tax years of 1990 and 1991 are the subject of an appeal before the Kansas Supreme Court. Therefore, the district court should stay any proceedings on these tax years pending a determination by the Supreme Court.

We affirm the BOTA orders denying jurisdiction to entertain the pipelines' 1989 claims. We reverse and remand to the district court with directions to proceed in accordance with this opinion.