No. 54,348

IN THE MATTER OF THE APPEAL OF K-MART CORPORATION FROM AN ORDER OF THE DIRECTOR OF TAXATION DATED FEBRUARY 8, 1980, AND THE ORDER OF THE KANSAS STATE BOARD OF TAX APPEALS DATED OCTOBER 31, 1980, SUSTAINING A COMPENSATING USE TAX ASSESSMENT.

(654 P.2d 470)

Opinion filed December 3, 1982.

*Benjamin J. Neill,* of Hamill, Lentz, Neill & Dwyer, of Mission, argued the cause and was on the brief for appellant.

*S. Lucky DeFries,* of the Department of Revenue, argued the cause and *Alan F. Alderson,* general counsel, was with him on the brief for appellee, Kansas Department of Revenue.

The opinion of the court was delivered by

HOLMES, J.: K-Mart Corporation has appealed a decision of the district court which affirmed an order of the Kansas Board of Tax Appeals (BOTA), which had sustained a compensating use tax

assessment against the appellant. The tax was assessed under the Kansas Compensating Tax Act (K.S.A. 79-3701 *et seq.*).

On February 8, 1979, the Director of Taxation, through the Audit Services Bureau of the Kansas Department of Revenue, issued a use tax assessment against K-Mart for $62,457.18, plus interest. K-Mart filed a request for an administrative appeal hearing before the Director of Taxation. Subsequent adjustments and concessions brought the amount in controversy down to $35,432.52, plus interest. A formal hearing before the Director was held on September 27, 1979. On February 8, 1980, the Director issued an order sustaining the assessment. A portion of the original assessment was for unreported purchases of furniture, fixtures, equipment and supplies, as well as lag interest on some late-reported purchases. The remainder was for the purchase of newspaper advertising supplements for distribution and use in Kansas as a part of K-Mart's national and regional advertising program. The only assessment K-Mart contests is that for the purchase of the advertising supplements.

Unhappy with the Director's order, K-Mart took an appeal to the BOTA, pursuant to K.S.A. 74-2438. The notice of appeal was filed March 7, 1980. A formal hearing was held before the BOTA on May 6, 1980. The BOTA by its order, certified October 31, 1980, sustained the Director's adjusted assessment. From that order, K-Mart brought an appeal to the District Court of Shawnee County. The district court heard the matter on June 16, 1981, and handed down its memorandum decision and order, affirming the decision of the BOTA, on March 3, 1982. K-Mart then appealed to the Court of Appeals and the case was transferred to the Supreme Court pursuant to K.S.A. 20-3018(c).

The dispute concerns the purchase, by K-Mart, of certain advertising circulars for distribution in Kansas. K-Mart, for reasons of economy, high-quality impact, and national uniformity of style, purchases the circulars from a print source in Michigan. The printer, pursuant to its contract with K-Mart, then drop-ships the circulars to various newspaper companies throughout the nation as designated by K-Mart. The newspaper companies then, pursuant to a separate agreement with K-Mart, insert the advertising supplements into certain editions of their papers for distribution to their subscribers and other consumers. No sales tax on the supplements is paid by K-Mart to the State of Michigan.

Due to the nature of our decision herein, additional factual details are not necessary.

At the outset we are faced with a problem of jurisdiction and a determination of whether the district court and this court ever acquired jurisdiction of the appeal from the BOTA. While no question of jurisdiction was raised by either party in the district court or this court, we have held that:

"It is the duty of this court to raise the question of jurisdiction on its own motion; and where the district court had no jurisdiction, this court does not acquire jurisdiction over the subject matter upon appeal." *In re Lakeview Gardens, Inc.,* 227 Kan. 161, Syl. ¶ 8, 605 P.2d 576 (1980).

K.S.A. 74-2426 (as amended effective April 16, 1980) controls appeals from decisions and orders of the BOTA. Pertinent provisions of the statute provide:

"(*a*) Whenever the board of tax appeals shall enter its final order on any appeal or in any proceeding under the tax protest, tax grievance, tax exemption statutes or any original proceeding before the board other than the above cases said board shall make written findings of fact forming the basis of such determination and final order and such findings shall be made a part of such final order. The board shall mail a copy of its final order to all parties to the proceeding within ten days following the certification of the order. The appellant or applicant and the county appraiser shall be served by restricted mail.

(*b*)(1) No appeal shall be taken from a final order of the board unless the aggrieved party shall have first filed a motion for rehearing of that order with the board and the board shall have granted or denied the motion for rehearing, or thirty days shall have lapsed from the filing of that motion with the board, from which it shall be presumed that the board has denied the motion. Any order issued by the board following a rehearing shall become the final order of the board.

(2) Within thirty days following the certification of any final order of the board, on such motion for rehearing, any aggrieved party in such appeal or proceeding may appeal to the district court of the proper county.

. . . .

(4) This statute shall be exclusive in determining appeals taken from all decisions of the board of tax appeals after the effective date of this act and shall exclusively govern the procedure to be followed in taking any appeal from the board of tax appeals from and after such date.

(*c*)(1) Appeals shall be taken by filing, with the clerk of the district court of the proper county within thirty days of the certification of the board's order to the party, a written notice stating that the party appeals to the district court, and alleging the pertinent facts upon which such appeal is grounded."

As previously indicated, the hearing before the BOTA and all subsequent proceedings took place after April 16, 1980, the effective date of K.S.A. 74-2426, as amended. At the time of oral argument before this court, an inquiry was made of counsel whether a motion for rehearing under K.S.A. 74-2426(*b*)(1) had

been filed by K-Mart. The court was advised no such motion had been filed and as that jurisdictional question had not been previously raised or briefed, counsel were not in a position to argue the issue on the merits. Counsel were then advised to submit authorities and argument on the question of whether the filing of a motion for rehearing under K.S.A. 74-2426(*b*)(1) is a jurisdictional prerequisite to an appeal to the district court. Those briefs have now been filed.

As might be expected, K-Mart contends that the requirement of filing a motion for rehearing with the BOTA is merely a procedural nicety which is not mandatory and that they have substantially complied with the statute. The Department of Revenue, on the other hand, takes the position that the April, 1980, amendments to the statute set forth a complete procedure for appeals from the BOTA and that the requirement of a motion for rehearing is mandatory and a condition precedent to the filing of an appeal. We agree with the Department of Revenue.

It appears obvious that the April, 1980, amendments to K.S.A. 74-2426 were enacted in direct response to our opinion in *In re Lakeview Gardens, Inc.,* 227 Kan. 161, wherein a majority of this court held that the statute, as it read prior to the April, 1980, amendments, did not authorize any appeal to the courts from a final order of the BOTA in original proceedings filed before the BOTA under K.S.A. 79-1702. The former statute had other noticeable deficiencies and made no provision for a rehearing before the BOTA, although K.A.R. 94-1-9 permitted the filing of a request for rehearing. Much of what we said in *Lakeview Gardens* is applicable to this case, including our holdings that:

"The right to an appeal in this state is neither a vested nor constitutional right, but is strictly statutory in nature. It may be limited by the legislature to any class or classes of cases, or in any manner, or it may be withdrawn completely." Syl. ¶ 7.

"Courts have no inherent appellate jurisdiction over the official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review." Syl. ¶ 9.

In the opinion this court said:

"Here we are faced with a special statute, K.S.A. 1979 Supp. 74-2426, which is quite restrictive of the areas in which appeals to the courts may be taken from the Board of Tax Appeals. The legislature has considered various amendments to that statute in recent sessions, but we find no indication of any intent to expand the right of appeal to the courts in any manner here material. Courts should not expand the right of appeal from administrative bodies by judicial fiat. It lies

within the legislative prerogative to determine the bounds within which appeal to the courts may be taken from the action of administrative agencies, boards, or officials. The courts must not encroach upon the legislative domain in that sphere. This is particularly true and pertinent in regard to matters relating to assessment and taxation, which are essentially legislative and administrative in character." p. 172.

K-Mart contends that the statute is ambiguous in that K.S.A. 74-2426(*a*) indicates the BOTA shall issue a final order after hearing an appeal and then subsection (*b*)(1) provides that after a motion for rehearing, the BOTA has 30 days to issue a final order and if it fails to do so, the motion for rehearing is deemed denied. Subsection (*b*)(2) then provides that the aggrieved party has 30 days to appeal to the district court from "any final order of the board." K-Mart also points out that the statute does not establish any time limit for filing the motion for rehearing. Considering the confusing wording of the statute, it is contended K-Mart has substantially complied with the statute and that the district court and this court have jurisdiction even though no motion for rehearing was filed.

K-Mart asserts that the failure to file a motion for rehearing is merely a procedural infirmity and not jurisdictional in nature. It relies upon *Kliebrink v. Missouri-Kansas-Texas Railroad Co.,* 224 Kan. 437, 581 P.2d 372 (1978), and *Avco Financial Services v. Caldwell,* 219 Kan. 59, 547 P.2d 756 (1976), as examples of cases where we have held that the failure to comply with certain technical procedural steps on appeal will not defeat the appeal. In *Kliebrink* the appellee sought dismissal of the case because of a failure of the appellant to timely file a designation of the record on appeal and in *Caldwell* the issue was whether the failure to timely pay the docket fee on appeal was jurisdictional although a timely notice of appeal had been filed. In both instances this court held the procedural deficiencies were not jurisdictional as long as the substantive statutory requirements to perfect an appeal were met. Substantial compliance where a mere perfunctory act is overlooked is far different than the failure to comply with a substantive requirement of the statute going to the very basis for allowing an appeal.

It appears to us that the requirement that "No appeal shall be taken from a final order of the board unless the aggrieved party shall have first filed a motion for rehearing of that order   .   .   ." is comparable to the longstanding rule of law that an appellate

court will not ordinarily review trial errors or issues which have not been raised before the trial court. The requirement of a motion for rehearing is for the purpose of giving the BOTA an opportunity to reconsider its position and thereby correct any mistakes it might have made and avoid the expense and delay of an appeal through the courts. The requirement is more than a procedural step in the appeal process of the type that this court has considered nonjurisdictional and constitutes a statutory prerequisite to taking an appeal to the district court.

We believe the clear implication of the statute to be that the initial order issued by the BOTA is the final order unless the aggrieved party elects pursuant to K.S.A. 74-2426(b)(1) to exercise the right to request a rehearing which is a condition precedent to ultimately appealing to a district court. If a rehearing is requested, the BOTA has thirty days to either grant or deny a rehearing. If the BOTA denies the request then the party has thirty days to appeal that order which becomes the final order. If the BOTA grants the request then the order entered after the rehearing becomes the final order and the aggrieved party then has thirty days to appeal to the district court. If the BOTA takes no action within thirty days of the request for rehearing, the request is deemed denied, the initial final order remains the final order, and the party then has thirty days from the expiration of the initial thirty day period to appeal to the district court. If no request for rehearing is filed, the initial "final order" of the BOTA stands and no appeal is allowed. K.S.A. 74-2426(b)(4) provides that the statute shall be exclusive in determining appeals and establishes the exclusive procedure to be followed in an appeal. As such, the requirement that a motion for rehearing be filed is a prerequisite to any appeal and a condition precedent to seeking an appeal.

While K-Mart is correct in its arguments that the statute does not specifically set forth the time limitation for filing a motion for rehearing, K.A.R. 94-1-9 (effective January 1, 1970) and K.A.R. 1982 Supp. 94-2-11 (effective May 1, 1981) both specified that a motion for rehearing must be filed within thirty days of the initial final order of the BOTA.

In *Board of Greenwood County Comm'rs v. Nadel,* 228 Kan. 469, 618 P.2d 778 (1980), this court had an opportunity to con-

sider the application and constitutionality of K.S.A. 74-2426, as amended effective April 16, 1980, and this court held:

"The legislature has full authority to establish procedural prerequisites to the exercise of jurisdiction by the district courts over administrative appeals." Syl. ¶ 5.

We hold that from and after April 16, 1980, K.S.A. 74-2426(*b*)(1) requires that before an appeal may be taken under the statute from an order of the BOTA, a motion for rehearing must be filed and upon failure to file such a motion, the district court does not acquire jurisdiction of any attempted appeal from the BOTA order. Consequently, this court does not have jurisdiction to consider the issues on their merits.

It is therefore ordered that this case be remanded to the district court with directions to dismiss the appeal of K-Mart for lack of jurisdiction.

SCHROEDER, C.J., dissenting.