No. 57,541
and
No. 57,777

In the Matter of the Estate of Frank J. Williams, Deceased.

KRIS L. ARNOLD, as Trustee in Bankruptcy for the Estate of NELLE RAE WILLIAMS GILMORE, *Appellant*, v. BENJAMIN F. FARNEY, as Administrator of the Estate of Frank J. Williams, Deceased, and TERRY L. REES, as Conservator for Margaret R. Gilmore, Dorothy E. Gilmore and Martha D. Gilmore, and Jean Rae Cushman, *Appellees.*

(714 P.2d 948)

Opinion filed February 21, 1986.

*Kris L. Arnold,* of Prairie Village, argued the cause and was on the briefs for the appellant.

*Terry L. Rees,* of Mission, argued the cause for the conservator, and *Joseph S. Davis, Jr.,* of Watson, Ess, Marshall & Enggas, of Olathe, argued the cause for the administrator c.t.a., and both were on the brief for appellees Farney and Rees.

The opinion of the court was delivered by

PRAGER, J.: This is a consolidated appeal from two separate rulings of the district court of Johnson County made during the administration of the estate of Frank J. Williams, deceased. The appellant is Kris L. Arnold, trustee in bankruptcy for the estate of Nelle Williams Gilmore, the daughter and sole heir-at-law of the decedent. The appellees are Terry L. Rees, as conservator for the three minor children of Nelle Gilmore; Jean Rea Gilmore Cushman, Nelle Gilmore's adult daughter; and Benjamin F. Farney, administrator c.t.a. of the Williams estate.

The essential facts in the case are for the most part undisputed and are as follows: On August 9, 1973, the deceased, Frank J. Williams, age 89, executed his last will and testament. The will provided, in substance, that, after the disposition of his tangible personal property, the residue of his estate was to be placed in trust with 30% for the benefit of his daughter, Nelle Gilmore, and the remainder for the benefit of his grandchildren.

In September of 1974, the decedent was struck by an automobile and was admitted to the hospital. The decedent then executed a power of attorney, naming Nelle Gilmore his attorney in fact. Shortly thereafter, Nelle Gilmore and her attorney entered the decedent's safety deposit box and withdrew all of the contents, including the decedent's 1973 will.

On October 25, 1974, while in the hospital, the decedent executed a codicil to his will. The codicil modified the trust for his grandchildren and appointed Nelle as his executrix. On October 16, 1980, decedent died and left a sizable estate. On August 3, 1982, Nelle Gilmore and her husband, Ted, filed for bankruptcy, and Kris L. Arnold was appointed trustee in bankruptcy. No formal proceedings were had in the estate until, at the request of Nelle Gilmore, Benjamin J. Farney filed a petition for determination of descent on March 14, 1983. Because of unpaid death taxes, it was necessary to commence a full administration

of the estate, and Farney was appointed administrator on May 23, 1983.

Thereafter, Farney sought to take possession of the assets of the estate and discovered that the decedent had executed the will and codicil mentioned heretofore. Farney then filed a petition for instructions relative to the probate of the 1973 will and the 1974 codicil under the provisions of K.S.A. 59-618. Nelle Gilmore filed written defenses in opposition to the petition to probate the lost will and codicil. Petitions for probate of the lost will and codicil were also filed on behalf of the grandchildren. On February 22, 1984, Kris L. Arnold, as trustee in bankruptcy, filed an answer objecting to the probate of the lost will and codicil.

In May 1984, motions were filed on behalf of the decedent's grandchildren to strike the written defenses of the trustee in bankruptcy on the basis that the trustee lacked the capacity to oppose the petition for probate.

On June 7, 1984, the district court filed a journal entry holding that the bankruptcy trustee was not a person who is permitted to contest the probate of a will under the provisions of K.S.A. 59-2224. Forty-eight days later, on July 25, 1984, Arnold, as trustee, filed a notice of appeal from the decision of the district court denying him standing to object or otherwise defend against admission of the lost will to probate. Thereafter, Nelle Gilmore, pro se, continued to oppose probate of the lost will and codicil.

On September 18, 1984, all of the family members entered into a family settlement in which they agreed that the lost will and codicil were to be admitted to probate. A full hearing was held, and the execution of the lost will and codicil was established by evidence.

On September 21, 1984, a journal entry was filed by the court admitting the lost will and codicil to probate, and Benjamin L. Farney was appointed administrator c.t.a. No appeal was taken by anyone from the order admitting the will and codicil to probate.

On October 25, 1984, Farney, as administrator c.t.a., having determined that certain land in Kansas City, Kansas, was titled in the name of the decedent, petitioned the district court for authority to sell the land. This land is described in the record as the Granada Theater land.

On November 8, 1984, Arnold, as trustee in bankruptcy, ob-

jected to the proposed sale, claiming to have the status of a purchaser in good faith under the bankruptcy act and that Farney, as administrator c.t.a., had no right to sell the land, because it was properly a part of the bankruptcy estate of Nelle Gilmore and subject to the control of the trustee.

On December 12, 1984, the district court entered an order authorizing the sale of the real estate. On January 10, 1985, Arnold, as trustee in bankruptcy, filed a notice of appeal from the order permitting the sale of the Granada Theater land.

Case No. 57,541 is the appeal of Kris L. Arnold, as trustee in bankruptcy, from the decision of the district court denying the trustee standing to oppose admission of the lost will and codicil to probate. Case No. 57,777 involves the appeal of Arnold, as trustee in bankruptcy, from the order of the district court entered December 12, 1984, authorizing sale of the Granada Theater land. These two appeals were consolidated in the present proceeding.

In Case No. 57,541, the issue presented is whether the trial court erred in holding that the trustee in bankruptcy lacked standing to oppose admission of the lost will and codicil to probate. In regard to this appeal, the appellees raise a jurisdictional issue. They maintain that the Supreme Court lacks jurisdiction to determine that appeal because the appeal was not timely filed. The record shows that on June 7, 1984, the district court filed its order denying the trustee standing to oppose the lost will and codicil. On July 25, 1984, the trustee filed a notice of appeal more than 30 days after entry of the judgment appealed from. We hold that the appeal in Case No. 57,541 was not timely taken as required by statute, and that this court lacks jurisdiction to determine the appeal.

Appeals in probate proceedings are covered by K.S.A. 59-2401, which provides in part as follows:

"**59-2401. Appealable orders, when; bond.**
(a) An appeal may be taken within thirty (30) days from the date of entry of any of the following orders, judgments, decrees and decisions:
    "(1) An order admitting, or refusing to admit, a will to probate.
    "(2) An order appointing, or refusing to appoint, or removing or refusing to remove, a fiduciary other than a special administrator.
    "(3) An order setting apart, or refusing to set apart, a homestead or other property, or making or refusing to make an allowance of exempt property to the spouse and minor children.

"(4) An order determining, or refusing to determine, venue; an order transferring, or refusing to transfer, venue.

"(5) An order allowing, or disallowing, a demand in whole or in part when the amount in controversy exceeds fifty dollars ($50).

"(6) An order authorizing, or refusing to authorize, the sale, lease, or mortgage of real estate; an order confirming, or refusing to confirm, the sale, lease, or mortgage of real estate.

"(7) Judgments for waste.

"(8) An order directing, or refusing to direct, a conveyance or lease of real estate under contract .

"(9) An order directing, or refusing to direct, the payment of a legacy or distributive share.

"(10) An order allowing, or refusing to allow, an account of a fiduciary or any part thereof.

"(11) A judgment or decree of partial or final distribution.

"(12) An order compelling, or refusing to compel, a legatee or distributee to refund.

"(13) An order directing an allowance, or refusing to direct an allowance, for the expenses of administration.

"(14) An order vacating, or refusing to vacate, a previous appealable order, judgment, decree, or decision.

"(15) A decree determining, or refusing to determine, the heirs, devisees and legatees.

"(16) An order adjudging a person in contempt.

"(17) An order adjudging, or refusing to adjudge, a person an incapacitated person.

"(18) The granting, or refusing to grant, an order for treatment.

"(19) An order granting or denying restoration to capacity.

"(20) An order granting or denying discharge.

"(21) An order decreeing, or refusing to decree, an adoption.

"(22) A final order, decision or judgment in any probate proceeding.

. . . .

"(c) Except as otherwise provided in this section, appeals taken pursuant to this section shall be taken in the manner provided by chapter 60 of the Kansas Statutes Annotated for other civil cases."

This statute clearly requires that an appeal be taken within 30 days from the date of entry of the orders, judgments, decrees, and decisions specifically enumerated. The statute also declares that, except as otherwise provided in that section, appeals shall be taken pursuant to chapter 60 of the Kansas Statutes Annotated for other civil cases.

K.S.A. 60-2103 requires that an appeal be taken within 30 days from the entry of judgment. K.S.A. 60-258 provides that a judgment is effective when a signed journal entry is filed with the clerk of the court. Clearly, the filing of a notice of appeal in this case 48 days following the entry of the judgment is not within the statutory period for taking an appeal and ordinarily would bar the

appeal. The trustee contends, however, that the notice of appeal was filed on July 25, 1984, in an abundance of caution in order to preserve an appeal in case the issues involving admission of the will and codicil to probate were decided adversely to the bankruptcy estate's interest without his knowledge. In taking this position, the trustee relies on Supreme Court Rule 2.03 (235 Kan. lviii), which provides:

"**Rule 2.03. Premature Notice of Appeal.** *A notice of appeal filed subsequent to an announcement by the judge of the district court on a judgment to be entered, but prior to the actual entry of judgment* as provided in Sec. 60-258, shall be effective as notice of appeal under Sec. 60-2103, if it identifies the judgment or part thereof from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal. Such advance filing shall have the same effect for purposes of the appeal as if the notice of appeal had been filed simultaneously with the actual entry of judgment, provided it complies with Sec. 60-2103(b)." (Emphasis supplied.)

The appellees maintain that Supreme Court Rule 2.03 is not applicable in this case, because at the time the notice of appeal was filed by the trustee the district court had not announced the judgment to be later entered that the lost will was to be admitted to probate. The record is clear that the trustee never at any time thereafter appealed from the order admitting the lost will and codicil to probate.

We have no hesitancy in holding that, assuming the order of June 7, 1984, denying the trustee's standing to contest the lost will was an appealable order the trustee in bankruptcy failed to take a timely appeal as required by the statutes of this state. It is obvious to us that the provisions of Supreme Court Rule 2.03 are not applicable. At the time the appeal was taken by the trustee, the trial court had not even set a date for hearing on the petitions to admit the lost will and codicil to probate. The district court had not announced a judgment that the will and codicil were to be admitted to probate at a later time.

The law is clear in Kansas that the right to appeal is neither a vested nor a constitutional right, but is strictly statutory in nature and may be limited in any manner by the legislature. *Szoboszlay v. Glessner*, 233 Kan. 475, 664 P.2d 1327 (1983); *In re K-Mart Corp.*, 232 Kan. 387, Syl. ¶ 2, 654 P.2d 470 (1982). In view of the fact that a timely appeal was not taken in Case No. 57,541, we hold that this court has no jurisdiction to determine the issue raised in that appeal.

As noted heretofore in the opinion, Case No. 57,777 involves an appeal taken by the trustee in bankruptcy from the order of the district court overruling the trustee's objection to the sale of the Granada Theater land which, without question, was property owned by the decedent at the time of his death. The appeal taken by the trustee from this order was timely taken and this court has jurisdiction to determine the question raised in that appeal.

Simply stated, it is the position of the trustee, Kris L. Arnold, as trustee in bankruptcy of the estate of Nelle Williams Gilmore, that the Granada Theater land was, by law, a part of the bankruptcy estate for two reasons, (1) When Frank J. Williams died on October 16, 1980, the legal title to his estate automatically vested in his only legal heir, Nelle Gilmore. Thereafter, when Nelle Gilmore filed for bankruptcy, the property became part of her bankrupt estate pursuant to 11 U.S.C. § 541(a)(1), (c)(1) (1982). (2) Under the bankruptcy statutes, the trustee is by law deemed to have the status of a good faith purchaser of the property without notice of the existence of the unprobated will, and, therefore, the trustee's title is protected from divestiture by the lost will under K.S.A. 59-618, which provides as follows:

"**59-618. Liability and effect of withholding will.** Any person who has possession of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and knowingly withholds it from the district court having jurisdiction to probate it for more than nine (9) months after the death of the testator shall be barred from all rights under the will and shall be liable for all damages sustained by beneficiaries under the will who do not have possession of the will and are without knowledge thereof and access thereto. Said will may be admitted to probate as to any innocent beneficiary on petition for probate by any such beneficiary, if such petition is filed within ninety (90) days after such beneficiary has knowledge of such will and access thereto and within five years after the death of the testator, *except that the title of any purchaser in good faith, without knowledge of such will, to any property derived from the fiduciary, heirs, devisees, or legatees of the decedent shall not be defeated by the production of the will of such decedent* and the petition for probate thereof after the expiration of nine (9) months from the death of the decedent." (Emphasis supplied.)

It should be noted that, under K.S.A. 59-618, where a will has been lost and has been withheld from probate, the will may be admitted later to probate by any beneficiary if the petition is filed within 90 days after knowledge thereof and within five years after the death of the decedent. The statute provides, however, that the title of *any purchaser in good faith, without*

*knowledge of the will, to any property acquired from an heir of the decedent* shall not be defeated by the subsequent production of the will by the decedent's estate after the expiration of nine months from the death of decedent. Thus, it is the trustee's position that he stands in the position of a bona fide purchaser who purchased the property from Nelle Gilmore, the sole heir-at-law of the decedent, as of the date of the bankruptcy filing, August 3, 1982.

The district court rejected this contention of the trustee, reasoning in its memorandum decision as follows:

"The issue is whether or not the acting administrator cta should be authorized to sell real estate. Here all parties agree that the real estate should be sold and that the pending sale is fair and reasonable.

"The trustee in bankruptcy claims a superior title to the property in question and would thereafter sell same for benefit of others that are interested in any assets remaining to be distributed by the administrator cta.

"Such an argument is tantamount to requesting that the asset be struck from the estate inventory and inserted in the voluntary bankrupt's estate (Nelle Rae Gilmore).

"There is no claim that either Ted or Nelle Gilmore ever had any right, title or interest in the property. It is clear that the deceased has been the title owner at all pertinent times.

"The asset has been inventoried by the decedent's estate fiduciary and various responsibilities of a fiduciary have been undertaken.

"The mere fact that an heir-at-law filed an action in bankruptcy at a time when such heir might possess a future interest in an asset can not cloud title to this real estate.

"The argument of the trustee might be logically extended to any asset inventoried herein. As the file reflects hundreds of thousands of dollars in assets have been sold by the acting fiduciary, most with actual knowledge of the trustee. The real-personal property distinction being of obvious note.

"That a court exercising Chapter 59 jurisdiction of a decedent's property has an exclusive jurisdiction is well settled. Certainly the trustee could not logically have any greater interest in the property in question than Nelle Rae Gilmore. Her interest, be it through intestate succession or through a testamentary bequest, has never been determined.

"The trustee sought to intervene in the matter of the court's consideration of admission to probate of an instrument of a testamentary nature; such was denied but remains a subject on appeal.

"The coupling of K.S.A. 59-618 and 11 U.S.C. 544 (a)(3) as urged by the trustee is, in my view, a misapplication of the law.

"The objection, as filed, is overruled and the administrator cta is authorized to sell the real estate per the petition filed."

We have concluded that the district court correctly decided the issue and that the Granada Theater property is legally a part of

the estate of the decedent, Frank J. Williams, and subject to probate proceedings in Johnson County district court. We recognize the Kansas rule regarding the descent of intestate property is that the legal title to real property vests immediately in the heirs-at-law on the death of a person. *Peterson v. Peterson,* 173 Kan. 636, 639, 251 P.2d 221 (1952); K.S.A. 59-502. Such vesting, however, is subject to being divested if a will of the decedent is later admitted to probate. Clearly, rights derived from intestate succession are taken away by a will which is admitted to probate and which effectively disposes of the estate of the decedent.

The trustee contends that after her father's death on October 16, 1980, the legal title to his real estate vested in her and thus became part of the bankrupt estate of Nelle Gilmore when the bankruptcy proceedings were commenced in August 1982. In taking this position, the trustee relies on 11 U.S.C. § 541 (a)(1), (c)(1) and (d), which provides in part as follows:

"§ 541. Property of the estate

"(a) *The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property wherever located:*

"(1) Except as provided in subsections (b) and (c) (2) of this section, *all legal or equitable interests of the debtor in property as of the commencement of the case.*

. . . .

"(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section . . .

. . . .

"(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

As noted heretofore, the trustee further argues that he has the status of a purchaser in good faith without knowledge by the provisions of 11 U.S.C. § 544(a)(3) (1982), which provides in part:

"§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers

"(a) *The trustee shall have, as of the commencement of the case,* and without . regard to any knowledge of the trustee or of any creditor, *the rights and powers*

of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by

. . . .

"(3) *a bona fide purchaser of real property* from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists." (Emphasis supplied.)

The appellees are correct in contending that this provision is applicable only if the trustee seeks to avoid transfers of title by a bankrupt to escape his obligation to his creditors. Here there was no transfer of title. In this regard, the law is clear that a trustee in bankruptcy succeeds to only such title and rights in property as the debtor had at the time the bankruptcy petition was filed. See *In re Shepard*, 29 Bankr. 928, 932 (Bankr. M.D. Fla. 1983), which states that, if the debtor holds only a bare legal title to property without any equitable interest, bare legal title is all that becomes property of the bankruptcy estate. Furthermore, it has been held that the bankruptcy estate takes its interest subject to the conditions under which the debtor held the interest. *Matter of Depoy*, 29 Bankr. 466 (Bankr. N.D. Ind. 1983); *In re Sively*, 14 Bankr. 905 (Bankr. E.D. Tenn. 1981).

These decisions are consistent with the well-established rule that a trustee in bankruptcy ordinarily stands in the shoes of the bankrupt; the trustee takes no greater title than the bankrupt has and the property of the bankrupt is subject to all of the equities impressed upon it in the hands of the bankrupt. *Security Warehousing Co. v. Hand*, 206 U.S. 415, 51 L.Ed. 1117, 27 S. Ct. 720 (1907); *First National Bank v. Staake*, 202 U.S. 141, 50 L.Ed. 967, 26 S. Ct. 580 (1906). This principle is supported by a long line of cases. For example in *Creel v. Birmingham Trust National Bank*, 383 F. Supp. 871 (N.D. Ala. 1974), *aff'd* 510 F.2d 1363 (5th Cir. 1975), it was held that the trustee in bankruptcy succeeds to only such right or title as the bankrupt had, and if the bankrupt had no right or title, then the trustee succeeds to none.

It is also well established that the nature and extent of the bankrupt debtor's interest in property are ordinarily determined by state law. *In Re Turner*, 29 Bankr. 628 (Bankr. D. Me. 1983). This principle was followed in the Kansas District of the United States Bankruptcy Court, in *In re Olson*, 39 Bankr. 872 (Bankr. D. Kan. 1984). *Olson* involved a motion by the trustee in bankruptcy of the estate of the debtor, Mona Olson, to turn over real estate

the debtor had inherited from her grandmother, Christina Younger. The will of Mrs. Younger was admitted to probate on January 9, 1981, and devised certain real property to Mrs. Olson. On March 2, 1981, the debtors conveyed their interest in the real estate to their daughter, Tammy Olson. On May 26, 1981, the debtors took bankruptcy. On September 13, 1983, a bankruptcy trustee filed a complaint under 11 U.S.C. § 548 (1982) to set aside the debtors' conveyance of real property to their daughter as a fraudulent transfer.

The issue in the bankruptcy court was whether the real property transferred by the debtors to their daughter was a part of the bankruptcy estate and therefore subject to the trustee's motion for turnover. The bankruptcy court, interpreting Kansas probate law, held that it was not. The court stated that it is a fundamental principle of bankruptcy law that the property rights which form the estate under § 541 are defined by state law, citing *Butner v. United States,* 440 U.S. 48, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979). The Court concluded that it was required to look to Kansas law to determine the interest which the bankrupt, Mona Olson, acquired.

Under the undisputed factual circumstances shown in the record in this case, we have no hesitancy in holding that the trial court did not err in holding that the Granada Theater land was properly a part of the estate of Frank J. Williams, deceased, and subject to the orders of the district court in the probate proceedings. Here the will and codicil of Frank J. Williams had been admitted to probate. No appeal was taken from that order within the 30-day period allowed by K.S.A. 59-2401 and K.S.A. 60-2103. Thus, the rights of the parties under Kansas law are controlled by the lost will and codicil admitted to probate. Nelle Williams Gilmore had no right to the possession of the property simply because she is the sole heir-at-law of the deceased. Any rights that she has must be afforded her under the last will and testament of Frank J. Williams, which was admitted to probate. The Granada Theater land is clearly a part of the assets of the Williams estate. The administrator c.t.a. has not only the right but also the duty to administer the estate, including the sale of real estate to pay debts and expenses of administration. If the trustee in bankruptcy of an heir-at-law had the authority to interfere with the administration of a decedent's estate by pre-

venting an administrator or testatrix from carrying out his or her duties, the result would be total chaos.

We, of course, recognize that under 11 U.S.C. § 544, a trustee in bankruptcy has, as of the commencement of the case, the status of a bona fide purchaser of real property in order to avoid a wrongful transfer of property by the debtor. However, we hold that a trustee in bankruptcy of an heir-at-law does not have the status of a purchaser in good faith under the provisions of K.S.A. 59-618 where the last will and codicil of a testator are offered and admitted to probate after commencement of the bankruptcy proceeding.

We recognize also that the trustee in bankruptcy of Nelle Gilmore may have a valid claim to any estate property which Nelle Gilmore may receive as the result of the probate proceedings. Prior to the distribution of the estate assets, the trustee in bankruptcy has the right to appear in the estate proceedings to assert any claims that he may have against any property due the bankrupt. Those issues will have to be determined in future litigation.

For the reasons stated heretofore in the opinion, the appeal in case No. 57,541 is dismissed for want of jurisdiction. The judgment of the district court in Case No. 57,777 is affirmed.