(968 P.2d 267)
No. 77,564

IN THE MATTER OF THE APPEAL OF BREMSON DATA SYSTEMS, INC., FROM ORDERS OF THE BOARD OF TAX APPEALS FOR THE STATE OF KANSAS.

Opinion filed March 27, 1998.

*William E. Waters*, of Division of Property Valuation, Kansas Department of Revenue, for appellant.

*Robert G. Scott*, of Neill, Scott, Terrill & Embree, L.L.C., of Lenexa, for appellee.

Before GERNON, P.J., GREEN, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

GREEN, J.: This is an appeal by the Division of Property Valuation of the Kansas Department of Revenue (PVD) from a judgment of the trial court vacating an order of the Kansas Board of Tax Appeals (BOTA). PVD challenges not only the trial court's judgment determining the economic life of certain computers used by Bremson Data Systems, Inc. (Bremson), but also the trial court's

jurisdiction to vacate BOTA's order. Because we agree that the trial court lacked jurisdiction in this matter, we dismiss.

Bremson, a corporation located in Johnson County, relies heavily on computers to perform its business. In valuing Bremson's computers for tax purposes, the Johnson County Appraiser (Appraiser) determined that Bremson's computers and computer-related equipment had a 6-year economic life. Bremson appealed to BOTA, challenging the economic life determined by the Appraiser.

Because the appeal to BOTA involved a conflict between the property valuation guidelines of PVD and the guidelines used by the Appraiser, BOTA granted Bremson's request to join PVD as a party. BOTA noted that the guidelines of the PVD had a 5-year economic life for computers. BOTA pointed out that absent some justification to deviate from the guidelines of PVD, the Appraiser was required to use the PVD guidelines.

Although BOTA stated that the evidence indicated that the actual economic life of the computers was closer to 3 to 4 years, BOTA refused to follow Bremson's request to adopt a 3- year period. BOTA reasoned that if it granted Bremson's request, this would result in inequality between Bremson and similarly situated taxpayers, particularly those taxed according to PVD guidelines. Applying this rationale, BOTA determined that because article 11, § 1(a) of the Kansas Constitution required uniformity in taxation, Bremson's computers had an economic life of 5 years.

Bremson moved for judicial review of BOTA's order. The trial court reversed BOTA's decision, finding that the Kansas Constitution did not preclude BOTA from granting Bremson's requested relief, and remanded the case to BOTA for proceedings consistent with its decision.

On remand, BOTA determined, and the parties agreed, that further evidentiary hearings were unnecessary. Next, BOTA reconsidered its factual findings and again concluded that a 5-year economic life should be utilized for Bremson's computer equipment.

Significantly, Bremson failed to move for reconsideration of BOTA's second order. Instead, Bremson moved for writ of mandamus in the trial court. Finding that BOTA could not be sued,

the trial court dismissed the action. Next, Bremson moved the trial court to vacate BOTA's second order and for entry of a supplemental mandate. The trial court granted this motion, finding that BOTA's second order was inconsistent with the trial court's mandate. In vacating BOTA's second order, the trial court found that BOTA's original analysis was valid and concluded that personal computing equipment had an economic life of 4 years.

First, we must determine whether the trial court ever acquired jurisdiction of the appeal from BOTA's second order. PVD earlier moved to dismiss Bremson's motion to vacate BOTA's second order, claiming that the trial court lacked jurisdiction. PVD claimed that court review was precluded because Bremson failed to exhaust its administrative remedies when it neglected to move for reconsideration of BOTA's second order. Finding that Bremson was not required to move for reconsideration of BOTA's second order, the trial court denied PVD's motion.

PVD repeats this argument on appeal. In support, PVD cites *In re K-Mart Corp.*, 232 Kan. 387, 393, 654 P.2d 470 (1982), where our Supreme Court stated that "before an appeal may be taken under the statute from an order of the BOTA, a motion for rehearing must be filed and upon failure to file such a motion, the district court does not acquire jurisdiction of any attempted appeal from the BOTA order." Moreover, K.S.A. 74-2426(b) states: "No final order of [BOTA] shall be subject to review pursuant to subsection (c) unless the aggrieved party first files a petition for reconsideration of that order with [BOTA] in accordance with the provisions of K.S.A. 77-529 and amendments thereto."

In addition, K.S.A. 77-529(a) provides in part:

"Any party, within 15 days after service of a final order, may file a petition for reconsideration with the agency head, stating the specific grounds upon which relief is requested. The filing of the petition is not a prerequisite for seeking administrative or judicial review except as provided in . . . K.S.A. 74-2426, and amendments thereto, concerning orders of the board of tax appeals."

These statutes set out a method for seeking judicial review of a decision from BOTA.

Bremson argues that *K-Mart* is distinguishable as it did not involve an administrative order on remand. Bremson further argues

that its motion for reconsideration from BOTA's first order sufficiently exhausted its administrative remedies allowing it to reach the trial court. Alternatively, Bremson reasons that it was merely seeking to have the trial court's original mandate carried out. In support, Bremson cites this court's recent opinion, *League of Kansas Municipalities v. Board of Shawnee County Comm'rs*, 24 Kan. App. 2d 294, 944 P.2d 172 (1997). Nevertheless, Bremson's reliance on this case is misplaced.

In *League of Kansas Municipalities*, the League sought exemption from ad valorem taxation. BOTA denied the League's application, and the League applied for judicial review. The trial court reversed BOTA and granted the exemption. BOTA refused to comply with the trial court's remand order, and upon the League's motion, the trial court granted the exemption. The trial court found that it had jurisdiction to act under K.S.A. 77-622(b), although the League did not move for reconsideration or rehearing with BOTA.

PVD points out that *League of Kansas Municipalities* is distinguishable in that the jurisdiction of the trial court was not directly challenged. PVD notes that the *League of Kansas Municipalities* court stated that "[t]he Board does not challenge the court's jurisdiction, but instead argues the court improperly exercised its jurisdiction over a tax issue that should have been left to BOTA to decide." 24 Kan. App. 2d at 305.

Moreover, we note that the *League of Kansas Municipalities* court did not address the exhaustion requirement under K.S.A. 77-612. For example, K.S.A. 77-612 requires a party to first exhaust all administrative remedies before seeking judicial review. In *Dean v. State*, 250 Kan. 417, 420, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992), our Supreme Court stated the rule as follows: " 'The well-recognized rule in this state is that where a full and *adequate* administrative remedy is provided in tax matters by statute, such remedy must *ordinarily* be exhausted before a litigant may resort to the courts.' " In addition, the *League of Kansas Municipalities* court failed to explain how the general power of the court to grant appropriate relief under K.S.A. 77-622(b) relieves an aggrieved party from the requirement to move for reconsideration before appealing an agency action to the trial court.

When a statutory method has been furnished for seeking an appeal, it must be followed or the court is without jurisdiction. *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, 541, 836 P.2d 1142 (1992). Moreover, in *Kansas Sunset Assocs. v. Kansas Dept. of Health & Environment*, 16 Kan. App. 2d 1, 3, 818 P.2d 797 (1991), this court stated that to obtain judicial relief, "the procedural requirements set forth in the [Act for Judicial Review and Civil Enforcement of Agency Actions] must be followed." Finally, in stating that judicial review of agency actions is limited to the enactments of the legislature, our Supreme Court stated: "The legislature has full authority to establish procedural prerequisites to the exercise of jurisdiction by the district courts over administrative appeals." *Board of Greenwood County Comm'rs v. Nadel*, 228 Kan. 469, 475-76, 618 P.2d 778 (1980).

K.S.A. 74-2426(b) precludes court review unless a petition for reconsideration is first filed with BOTA. Although some exceptions do exist to the exhaustion requirement, this case does not fit within any of those exceptions. See *Williams Natural Gas Co. v. Kansas Corporation Comm'n*, 22 Kan. App. 2d 326, 333-34, 916 P.2d 52 (1996); *Colorado Interstate Gas Co. v. Beshears*, 18 Kan. App. 2d 814, 821, 860 P.2d 56 (1993), *rev. denied* 256 Kan. 994 (1994); *Vann v. Employment Security Bd. of Review*, 12 Kan. App. 2d 778, 779, 756 P.2d 1107 (1988).

As a result, Bremson failed to exhaust its administrative remedies when it neglected to move for reconsideration of BOTA's second order. Therefore, the trial court lacked, and this court lacks, jurisdiction to consider this appeal.

Appeal dismissed.