(10 P.3d 1)

No. 83,163

In the Matter of the Application of Reno Township for Exemption From Ad Valorem Taxation in Leavenworth County, Kansas.

Opinion filed December 17, 1999.

*John F. Thompson*, of Leavenworth, for appellant.

*Keyta D. Kelly*, county counselor, for appellee.

Before Gernon, P.J., Rulon, J., and William F. Lyle, Jr., District Judge, assigned.

Lyle, J.: Reno Township (Township) appeals from the decision of the Board of Tax Appeals (BOTA) that it was not entitled to an ad valorem tax exemption on certain real estate it leased between 1995 and February 1999. BOTA found that since the property was owned by private individuals and leased to the Township, the property was not exclusively used for exempt purposes. We dismiss the appeal for lack of jurisdiction.

The record reflects that the Township first filed an application for a tax exemption in 1997. The Township requested exemptions for two fire trucks as well as real property on which a Township fire station was located. The Township leased the one-acre property from private individuals in 1995 and then constructed the fire station. While the lease extended for 50 years, it was a simple lease which did not give the Township an option to purchase the property. Leavenworth County (County), where the property was located, recommended BOTA grant the exemptions.

In an order filed November 19, 1998, BOTA granted the exemption for the fire trucks pursuant to K.S.A. 1998 Supp. 79-201a *Fourth*, but not for the real estate. BOTA reasoned that since the property was not owned by the Township, it was not exclusively used for exempt purposes. BOTA also determined that since the contract between the property owners and the Township was not a lease-purchase arrangement, K.S.A. 1998 Supp. 79-201a *Second* did not apply.

The record reflects that the only timely petition for reconsideration filed following this order was filed by the County. No petition for reconsideration was ever filed by the Township.

Thereafter, BOTA granted the County's request for reconsideration and received into evidence an amended lease agreement executed by the Township and the property owners. The amended lease, executed in February 1999, gave the Township the option to purchase the property at the end of the lease and included a number of other provisions not contained in the original lease.

On March 15, 1999, BOTA issued an order on reconsideration granting the tax exemption to the Township from and after February 12, 1999, the date of the amended lease. The Township did not appeal from that order within 30 days. Instead, the County filed a motion for an order nunc pro tunc on March 17, 1999, requesting that BOTA correct the "clerical error" in the dates and allow the exemption from and after December 1, 1995. In an order filed April 9, 1999, BOTA denied the motion. BOTA concluded that the Township was not entitled to the exemption prior to the execution of the 1999 lease. The Township filed its petition for judicial review in this court on May 10, 1999.

There are two jurisdictional issues in connection with this appeal. The first is whether the Township is excused from filing a petition for reconsideration as required by K.S.A. 1998 Supp. 74-2426(b). The second concern is whether the County's filing of a motion for order nunc pro tunc tolls the time for the Township to file its appeal of BOTA's final order. We find that the first issue is dispositive and, therefore, we decline to address the second issue.

A party challenging an administrative order must exhaust all administrative remedies before seeking judicial review of the agency action. *Board of Sedgwick County Comm'rs v. Action Rent To Own, Inc.*, 266 Kan. 293, 296, 969 P.2d 844 (1998); *Turner & Boisseau, Chtd. v. Kansas Bd. of Healing Arts*, 26 Kan. App. 2d 36, 39, 978 P.2d 288 (1998). The statutes governing BOTA proceedings provide that "[n]o final order of the board shall be subject to review . . . unless the *aggrieved* party first files a petition for reconsideration of that order with the board." (Emphasis added.) K.S.A. 1998 Supp. 74-2426(b). Failure to file a petition for reconsideration from a BOTA order is normally fatal to any appeal. *In re K-Mart Corp.*, 232 Kan. 387, 393, 654 P.2d 470 (1982); *In re Tax Appeal of Bremson Data Systems, Inc.*, 25 Kan. App. 2d 496, 968 P.2d 267, *rev. denied* 265 Kan. 885 (1998).

In this case, the Township clearly was the aggrieved party from BOTA's original order denying the exemption. However, the County was the only party which filed a petition for reconsideration. Although the Township and the County both argued the exemption should be allowed, the County clearly was not aggrieved by BOTA's action. *Cf. Williams Natural Gas Co. v. Kansas Corporation Comm'n*, 22 Kan. App. 2d 326, 332-34, 916 P.2d 52, *rev. denied* 260 Kan. 1002 (1996) (finding utility did not need to file a petition for reconsideration as to order which was favorable to the utility). Moreover, nothing in the County's petition for reconsideration indicated that it was jointly filed by the Township and County.

Because the Township failed to exhaust its administrative remedies, this court lacks jurisdiction over this appeal.

This court notes that a cursory examination of the merits in this case seems to indicate that the ruling by BOTA should be upheld.

The Township, as lessee of the property, used it for exempt purposes prior to the February 1999 agreement. The lessee's use alone was not sufficient to allow for a tax exemption. A taxpayer cannot change the property's use retroactively when the original agreement was inadequate to support the exemption.

Appeal dismissed.