34 Kan.App. 2d 34 (2005)
IN THE INTEREST OF D.I.G. (DOB 05/26/93) and P.M.G. (DOB 06/26/97).
No. 93,037.
Court of Appeals of Kansas.
Opinion filed June 17, 2005.
Anita Settle Kemp, of Wichita, for appellant natural father.
Larry S. Vernon, of Social and Rehabilitation Services, of Wichita, for appellee.
Before GREENE, P.J., PIERRON and BUSER, JJ.
GREENE, J.:
Following the district court's termination of his parental rights, the natural father of D.I.G. and P.M.G. appeals, arguing exclusively that the district court erred in failing to hold an evidentiary hearing on the issue of temporary custody. We dismiss the appeal, concluding that any challenge to the termination of parental rights has been abandoned and that any challenge to the order of temporary custody is untimely.
These proceedings were instituted upon the State's filing of a Child in Need of Care (CINC) petition in March 2003, alleging that both D.I.G. and P.M.G. were children in need of care. The petition alleged that the natural mother had abandoned these children and that the natural father was in jail and not expected to be released until July 2004, having been convicted of theft, domestic violence, and possession of cocaine.
*35 On March 28, 2003, the district court held a temporary custody hearing. Mother voluntarily waived her right to an evidentiary hearing, but there is no indication whether father did so as well. The court held that it was in the best interest of the children to remain in the custody of SRS. The order of temporary custody was not appealed.
In June 2004, the court conducted a hearing on the State's motion to terminate parental rights. Father appeared in person and through counsel, but he admitted that he had not complied with the court orders toward the reintegration of the children into the parental home. The court terminated father's parental rights, citing K.S.A. 38-1583(b)(8), (c)(1), (c)(2), and (c)(3).
Father's notice of appeal designates only the June 2004 order terminating parental rights as the judgment from which he appeals, but no challenge has been made to any aspect of the court's termination of parental rights. Instead, father challenges exclusively the order of temporary custody entered in March 2003, arguing that his due process rights were violated when he was not granted an evidentiary hearing on this issue. Because Father briefs no issue regarding the termination of his parental rights, we deem any such issues abandoned. See Goldbarth v. Kansas State Bd. of Regents, 269 Kan. 881, 884, 9 P.3d 1251 (2000).
Although no challenge to our appellate jurisdiction has been made by the State, we have a duty to question jurisdiction on our own initiative and dismiss an appeal if the record reveals a lack of jurisdiction. Cole v. Mayans, 276 Kan. 866, 870, 80 P.3d 384 (2003). Whether jurisdiction exists is a question of law over which this court has unlimited review. Summitt v. Summitt, 31 Kan. App. 2d 812, Syl. ¶ 1, 74 P.3d 584, rev. denied 277 Kan. 928 (2003). "The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. [Citation omitted.]" Butler County R.W.D. No. 8 v. Yates, 275 Kan. 291, 299, 64 P.3d 357 (2003).
K.S.A. 38-1591(a) provides, "An appeal may be taken by any interested party from any adjudication, disposition, termination of *36 parental rights or order of temporary custody in any proceedings pursuant to this code." (Emphasis added.) The notice of appeal must be filed within 30 days from the entry of judgment. K.S.A. 38-1591(c); K.S.A. 2004 Supp. 60-2103(a). The judgment appealed from must be designated in the notice of appeal. K.S.A. 2004 Supp. 60-2103(b). Failure to timely appeal a final order divests this court of jurisdiction to review that judgment. In re Estate of Williams, 238 Kan. 651, 654-56, 714 P.2d 948 (1986) (stating that the court has no jurisdiction to determine issues raised in an appeal where notice was not timely filed).
Here, the temporary custody hearing was held on March 28, 2003. The court filed the signed temporary custody journal entry on April 1, 2003, making it a final appealable order. See In re Estate of Williams, 238 Kan. at 655. Accordingly, Father had 30 days from April 1, 2003, to appeal the district court's determination of temporary custody. K.S.A. 38-1591(a), (c); K.S.A. 2004 Supp. 60-2103. Father's notice of appeal filed August 9, 2004, was untimely with regard to the order of temporary custody. Moreover, Father's notice of appeal only designates the journal entry of June 25, 2004, terminating his parental rights, as the judgment from which he appeals.
It is an appellate court's duty to dismiss an appeal when the record discloses a lack of jurisdiction. State v. Verge, 272 Kan. 501, 521, 34 P.3d 449 (2001). Because Father failed to timely appeal the order of temporary custody, we lack jurisdiction to consider Father's sole argument on appeal.
Dismissed.